2015 PA Super 71

| | |
|---|---|
| CHRISTOPHER JUSZCZYSZYN,<br><br>Appellant<br><br>v.<br><br>OBAFEMI SIMEON TAIWO,<br>INDIVIDUALLY AND D/B/A LID'S<br>LOUNGE A/K/A LID'S BAR AND LOUNGE<br>A/K/A LID'S BAR N LOUNGE AND<br>LOUNGE 62 AND CST ENTERTAINMENT,<br>INC., INDIVIDUALLY AND D/B/A LID'S<br>LOUNGE A/K/A LID'S BAR AND LOUNGE<br>A/K/A LID'S BAR N LOUNGE AND<br>LOUNGE 62,<br><br>Appellees | IN THE SUPERIOR COURT OF<br>PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. 2252 EDA 2014 |

Appeal from the Order Entered June 19, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 140401076

BEFORE:  GANTMAN, P.J., SHOGAN, and ALLEN, JJ.

OPINION BY SHOGAN, J.:                    **FILED APRIL 10, 2015**

Appellant, Christopher Juszczyszyn, appeals from the order entered on June 19, 2014, that sustained the preliminary objections in the nature of a demurrer filed by Obafemi Simeon Taiwo, individually and doing business as Lid's Lounge, also known as Lid's Bar and Lounge, also known as Lid's Bar N Lounge and Lounge 62, and CST Entertainment, Inc., individually and doing business as Lid's Lounge, also known as Lid's Bar and Lounge, also known as Lid's Bar N Lounge and Lounge 62 (collectively "Appellees"), and dismissed Appellant's complaint with prejudice.  We affirm.

The facts underlying the instant case are straightforward. On April 20, 2012, Appellant, in his capacity as a Philadelphia Police Officer, responded to a disturbance call regarding an unruly patron inside Lid's Lounge. Complaint, 4/11/14, at ¶¶ 1, 20. While attempting to intervene in the disturbance at the bar, Appellant encountered an intoxicated patron who was groping female patrons, drinking other people's drinks, and being physically confrontational. *Id.*, at ¶ 20. This patron allegedly assaulted Appellant causing Appellant to suffer injuries. *Id.*, at ¶ 24. As a result of sustaining these injuries on Appellees' premises, Appellant filed a complaint against Appellees in which he alleged negligence and Dram Shop Act[1] liability. *Id.*, at Count I and Count II. In response, Appellees filed preliminary objections in the nature of a demurrer. On June 19, 2014, the trial court sustained Appellees' preliminary objections and dismissed Appellant's complaint with prejudice. This timely appeal followed.

On appeal, Appellant raises the following issue for this Court's consideration:

> Whether [the] trial court erred in sustaining Appellee's preliminary objections to the complaint and dismissing the complaint with prejudice without any opportunity for leave to amend?

---

[1] Dram Shop Act, 47 P.S. §§ 4-493, 4-497, which among other things, prohibits liquor-selling establishments from serving alcohol to visibly intoxicated persons.

J-A05031-15

Appellant's Brief at 3 (full capitalization omitted).[2]

"The question presented in a demurrer is whether, on the facts averred, 'the law says with certainty that no recovery is possible.'" ***Bruno v. Erie Ins. Co.***, 106 A.3d 48, 56 (Pa. 2014) (quoting ***MacElree v. Philadelphia Newspapers, Inc.***, 674 A.2d 1050, 1054 (Pa. 1996)). "If doubt exists concerning whether the demurrer should be sustained, then 'this doubt should be resolved in favor of overruling it.'" ***Id***. (quoting ***Bilt– Rite Contractors v. Architectural Studio***, 866 A.2d 270, 274 (Pa. 2005)).

> A demurrer by a defendant admits all relevant facts sufficiently pleaded in the complaint and all inferences fairly deducible therefrom, but not conclusions of law or unjustified inferences. In ruling on a demurrer, the court may consider only such

_____

[2] We direct Appellant's attention to Pa.R.A.P. 2116, which reads in relevant part as follows:

> The statement of the questions involved must state concisely the issues to be resolved, expressed in the terms and circumstances of the case but without unnecessary detail. The statement will be deemed to include every subsidiary question fairly comprised therein. **No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby**.

Pa.R.A.P. 2116 (emphasis added). Appellant's general claim of trial court error fails to identify the grounds upon which Appellant believes the trial court erred. We could conclude that Appellant's vague claim of error waived his specific issues. ***Southcentral Employment Corp. v. Birmingham Fire Ins. Co. of Pennsylvania***, 926 A.2d 977, 983 n.5 (Pa. Super. 2007). However, because the argument portion of Appellant's brief narrows the issues, we find that our review of this matter is not significantly handicapped, and we shall address the issues as presented in the argument portion of the brief.

- 3 -

matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint.

Consequently, preliminary objections should be sustained only if, assuming the averments of the complaint to be true, the plaintiff has failed to assert a legally cognizable cause of action. Where the complaint fails to set forth a valid cause of action, a preliminary objection in the nature of a demurrer is properly sustained.

*Mikhail v. Pennsylvania Organization for Women in Early Recovery*, 63 A.3d 313, 316 (Pa. Super. 2013) (citation omitted). Our standard of review of a lower court's decision granting a demurrer is *de novo*. *Bruno*, 106 A.3d at 56 (citation omitted).

Additionally, with respect to Appellant's argument concerning the ability to amend his complaint, our Court has stated:

Even where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend. There may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile .... However, the right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully. In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter a final judgment, but must give the pleader an opportunity to file an amended pleading....

*In re Estate of Luongo*, 823 A.2d 942, 969 (Pa. Super. 2003) (citation and quotation marks omitted). "Nevertheless, a defective pleading that cannot be cured by amendment is appropriately dismissed upon a demurrer." *Id*. (citation omitted).

Appellant first argues that the trial court erred in relying on **Holpp v. Fez, Inc.**, 656 A.2d 147 (Pa. Super. 1995), as support for its conclusion that Appellant was a licensee as opposed to a business invitee. Appellant's Brief at 8. We disagree.

Generally, in premises liability cases, the determination of whether an individual is an invitee, licensee, or trespasser is a question of fact for the jury. **Palange v. City of Philadelphia, Law Dept.**, 640 A.2d 1305, 1307 (Pa. Super. 1994). An invitee is either a public invitee or a business visitor. **Id**. (citing Restatement (Second) of Torts § 332 (1965)). A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public, and a business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. **Id**. (citing Restatement (Second) of Torts § 332 (1965)). Conversely, the Restatement defines a "licensee" as "a person who is privileged to enter or remain on land only by virtue of the possessor's consent." **Id**. (quoting Restatement (Second) of Torts § 330 (1965)).

In **Holpp**, we analyzed a police officer's status as a licensee or invitee in conjunction with a discussion of the police officer's status as a first-responder under what is termed the "fireman's rule."[3] We noted that while

---

[3] The fireman's rule provides that a police officer or fire fighter who enters a premises belonging to another in connection with his or her official duties
*(Footnote Continued Next Page)*

the fireman's rule has not been formally adopted in Pennsylvania, a police officer who enters upon another's land in his or her official capacity and in response to a call for assistance is generally considered a licensee. **Holpp**, 656 A.2d at 149 (citing **Mull v. Kerstetter**, 540 A.2d 951 at 952-953).[4] "In such situations, the land owner's duty is to warn the licensee of dangerous hidden conditions." **Id**. (citing **Mull**, 540 at 953). Nevertheless, "[e]ven if a police officer enters another's land as an invitee, … the possessor of the land does not become an insurer of the officer's safety." **Id**. (citation omitted). The possessor's duty is only to use reasonable care to protect his or her invitees from unknown or nonobvious dangers. **Id**. (citation omitted).

In addressing a nearly identical factual scenario to the one at bar, this Court in **Holpp** stated as follows:

> Here, Officer Holpp had been called to the appellee's establishment to quell a disturbance. He agreed to return at a later time to provide further assistance if necessary. When he returned, **he was acting in his official capacity, was aware of the potential for violence among patrons who had been**

*(Footnote Continued)* ─────────────

assumes certain risks and cannot recover from the possessor of land for subsequent injuries. **Holpp**, 656 A.2d at 149 (citing **Mull**, 540 A.2d at 952-953).

[4] We note with approval a discussion on the fireman's rule coming from the Union County Court of Common Pleas nearly thirty years ago, which acknowledged that, despite not formally adopting the fireman's rule, "courts almost universally recognize that neither a fireman nor a policeman can recover when their complaint is based on the same conduct that initially created the need for the officer's presence in his official capacity." **Trudnak v. Lilley**, 44 Pa. D. & C.3d 493, 498, 1986 WL 20812 (C.P. Union County 1986).

> **consuming alcoholic beverages, and was conscious of the attendant risks. Under such circumstances, whether Holpp be considered an invitee or a licensee, the trial court could conclude, as a matter of law, that appellee had breached no duty to Officer Holpp**.

*Holpp*, 656 A.2d at 149 (emphasis added).

After careful review, we conclude that the rationale in *Holpp* forestalls Appellant from sustaining a legally cognizable cause of action. We are satisfied that the decision in *Holpp* established that under the circumstances presented in the instant case, Appellant, a police officer who was responding to a call and in the performance of his duties, was a licensee, and Appellees were required only to warn Appellant of dangerous hidden conditions. Moreover, even if we were to accept Appellant's argument that he was an invitee, or could upon amendment of his complaint establish that he was an invitee, Appellees would have been bound to only use reasonable care to protect Appellant from unknown or nonobvious dangers. The complaint reveals that Appellant was responding to a disturbance call at a bar where the perpetrator was groping female patrons, drinking other people's drinks, and being physically confrontational. Complaint, 4/11/14, at ¶19. Thus, when Appellant arrived at Appellees' establishment, encountering an intoxicated and physically confrontational individual was an obvious and known risk. No amendment to Appellant's complaint would have altered this fact.

Accordingly, this matter falls under the general rule that Appellant, as a police officer, was a licensee, and therefore, is not entitled to recover

damages under the facts of this case as he cannot establish a breach of a duty in his negligence claim. Additionally, any amendment to the complaint on this issue would have been futile, and we discern no error of law or abuse of discretion in the trial court's decision to grant the preliminary objections and deny an opportunity to amend the complaint.

In his second issue on appeal, Appellant claims that the trial court erred in dismissing count two of his complaint concerning Dram Shop Act liability. Appellant's Brief at 12. Appellant argues that the trial court erred in concluding that he failed to plead a statute or a causal nexus between Appellees providing alcohol and Appellant's injuries. *Id*. After review of the record, we affirm; however, we do so for a reason other than that cited by the trial court.[5]

The Pennsylvania Dram Shop Act provides in relevant part as follows:

**§ 4-493 Unlawful Act relative to liquor, malt and brewed beverages**

* * *

(1) It shall be unlawful for any licensee or the board, or any employee, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated ...

* * *

---

[5] It is well settled that we may affirm the decision of the trial court on any valid basis appearing of record. *Louis Dreyfus Commodities Suisse SA v. Financial Software Systems, Inc.*, 99 A.3d 79, 82 (Pa. Super. 2014).

- 8 -

**§ 4-497 Liability of licensee**

No licensee shall be liable to third persons on account of damages inflicted upon them off of the licensed premises by customers of the licensee unless the customer who inflicts the damages was sold, furnished or given liquor or malt or brewed beverages by the said licensee or his agent, servant or employee when the said customer was visibly intoxicated.

47 P.S. §§ 4-493(1), 4-497.  A violation of the Dram Shop Act is deemed negligence *per se*.  ***Johnson v. Harris***, 615 A.2d 771, 775 (Pa. Super. 1992) (citation omitted).

However, before liability may be imposed on the liquor-license holder ("liquor licensee"),[6] the petitioner must establish that he or she is part of the protected class the statute is designed to safeguard.  ***See McCloud v. McLaughlin***, 837 A.2d 541, 545 (Pa. Super. 2003) (stating that before an individual can be held negligent *per se*, his violation of the statute must cause the kind of harm the statute was intended to avoid and cause that harm to a person within the class of persons the statute was intended to protect) (citation omitted).  Here, the Dram Shop Act's purpose is "to protect an individual's rights from the harm caused by the negligent service of alcohol."  ***Zygmuntowicz v. Hospitality Investments, Inc.***, 828 F.Supp.

---

[6]  We use the term "liquor licensee" to distinguish a licensee under the Dram Shop Act from a licensee in the premises liability context we addressed in Appellant's first issue.

346, 349 (E.D. Pa. 1993).[7] "Specifically, Pennsylvania purports to protect society in general and the intoxicated persons themselves from their inability to exercise due care." *Id*. (citing **Schelin v. Goldberg**, 146 A.2d 648, 652 (Pa. Super. 1958), **Majors v. Brodhead Hotel**, 205 A.2d 873, 875 (Pa. 1965)).

Appellees offer the following cogent argument with respect to the class of persons the Dram Shop Act is designed to protect:

> While Pennsylvania courts do recognize that a violation of *47 P.S. §4-497* is negligence *per se*, it does not appear that this Court or any other Court has ever recognized what class of persons the statu[t]e it is meant to protect. As stated by *§4-497*, the statu[t]e clearly attempts to protect third persons from harm caused off the [liquor] licensee's premises by customers of a [liquor] licensee [who were] served while visibly intoxicated. *See 47 P.S. §4-497.*[3] However, Appellees submit that a police officer responding to a call of an "unruly patron" [who] was allegedly served while visibly intoxicated is not the class of persons the statute seeks to protect, and, therefore, [Appellant] cannot make a negligence *per se* claim against [Appellees].[4] This is especially true when the police officer is aware of the potential intoxication and dangers presented by the unruly patron, and then knowingly confronts such an individual. To establish such liability would violate public policy, given the fact that it is accepted that restraining and subduing intoxicated individuals is part of a police officer's job, and given the fact that businesses and citizens must often seek the assistance of the police, knowing that such assistance might place the police in harm's way.

---

[7] While we are not bound by decisions of the federal courts, we may rely on them as persuasive authority. **McEwing v. Lititz Mut. Ins. Co.**, 77 A.3d 639, 648 n.7 (Pa. Super. 2013). We are persuaded that the **Zygmuntowicz** decision succinctly summarizes the purpose of Pennsylvania's Dram Shop Act.

³ It is clear that most citizens of the Commonwealth are a protected class. The most common "Dram Shop" claim typically involves an intoxicated person that leaves a bar and then injures a third person during a motor vehicle accident. In these incidents, the citizen is typically unaware of the person[']s intoxicated state, and has not confronted or intentionally engaged the intoxicated person in any way.

⁴ Appellee understands that there may be times a police officer may be part of the protected class, *i.e.* if he/she is struck by an intoxicated person while in a patrol car. However, when the facts are presented for a Dram Shop claim as here, and a police officer is fully aware of the potential risks posed by the allegedly intoxicated patron, and the officer engages that patron in the performance of his/her duties, as a police officer, that police officer does not come within [the] statute.

As mentioned, to now claim a right to recover for being injured while performing his duties as an officer could open the gates for a flood of claims by police officers on businesses and the citizens of the Commonwealth. [Appellees] needed the police officer's assistance because of an unruly patron. Appellant voluntarily chose to preserve the public peace and "prevent and detect crime" as part of his official duty as a police officer. The citizens and businesses of the Commonwealth should not have to think twice about seeking the aid of its police when a need arises.

Appellees' Brief at 20-21. After careful review, we agree with the rationale posited by Appellees in support of affirmance on this issue.

In determining whether a police officer acting in his official capacity is within the class of individuals the Dram Shop Act was designed to protect, we first look to the function of police officers. The Philadelphia Home Rule Charter provides as follows:

§ 5.5-200. Functions

- 11 -

The Police Department shall have the power and **its duty shall be to perform the following functions**:

(a) Law Enforcement. **It shall preserve the public peace**, prevent and detect crime, police the streets and highways and enforce traffic statutes, ordinances and regulations relating thereto. The Department shall at all times aid in the administration and enforcement within the City of the statutes of the Commonwealth of Pennsylvania and the ordinances of the City.

351 Pa. Code § 5.5-200(a) (emphasis added).

Therefore, it is axiomatic that a police officer, as distinguished from a non-police officer, is duty-bound to preserve the public peace, which, *inter alia*, includes responding to calls of disturbances in liquor-serving establishments. In the instant case, Appellant, in his capacity as a Philadelphia Police Officer, responded to a disturbance call, and while performing his duties, he encountered and was compelled to physically engage an allegedly intoxicated individual. This is part of a police officer's duty. Moreover, a liquor licensee should not have to first reflect on insurance-claim exposure when requesting police assistance. The Iowa Supreme Court addressed a similar scenario and aptly discussed the class of persons its Dram Shop Act is designed to protect as follows:

While we do not wish to hold that police officers would never be within the class of persons our statute was designed to protect, we do conclude officers are not protected when the violation of the dram shop statute is also the act that created need for the officers' presence. In those circumstances, the officers are functioning as part of the mechanism erected by the State to protect the public against the vagaries of an intoxicated person and, as such, are not within the purview of the statute. Additionally, the public policy concerns we noted earlier are just as valid in a dram shop action as they are in actions for ordinary negligence. On the other hand, if an officer was injured by an

intoxicated patron when he was performing a law enforcement activity unrelated to a violation of the statute, the public policy concerns we voiced would not be offended by permitting liability and he would be protected under the act.

***Pottebaum v. Hinds***, 347 N.W.2d 642, 647-648 (Iowa 1984).[8,9] We conclude that the same is true here.

Under the facts of our case, we conclude that Appellant was not within the class of individuals that the Dram Shop Act was designed to protect.[10] Accordingly, the trial court did not err or abuse its discretion in sustaining the demurrer and denying Appellant the opportunity to amend his complaint as no recovery was possible.

_____

[8] We recognize that ***Pottebaum*** is a non-binding opinion from the Iowa Supreme Court dealing with Iowa's decision to adopt the fireman's rule and Iowa's Dram Shop Statute. However, the language cited above succinctly illustrates the logic behind excluding police and firefighters from the class of people the Pennsylvania Dram Shop Act is designed to protect and the exception to that very conclusion. Accordingly, we cite ***Pottebaum*** only for its explanation of the limitations on the scope of Iowa's Dram Shop Statute, as we are persuaded that it is instructive here.

[9] The purpose of Iowa's Dram Shop Act is nearly identical to Pennsylvania's Dram Shop Act. ***See Smith v. Shagnasty's Inc.***, 688 N.W.2d 67, 72 (Iowa 2004) (Iowa's Dram Shop statute provides a remedy against a licensee for injuries sustained as a result of the sale and service of alcohol to an intoxicated person); Iowa Code § 123.92.

[10] This does not mean, however, that a police officer can never bring a claim and recover damages under a Dram Shop Act theory of liability. As Appellees pointed out, one such situation where an officer could be within the class of citizens protected by the Dram Shop Act is where a police officer is struck by an automobile driven by an intoxicated person who was served alcohol by a liquor licensee while intoxicated.

For the reasons set forth above, any negligence which may have occurred resulting from Appellees' agents serving alcohol to an allegedly intoxicated individual does not result in liability to Appellant on the part of Appellees. *McCloud*, 837 A.2d at 545. Moreover, in light of our conclusion that under the circumstances presented here, Appellant is not in the class of citizens protected by the Dram Shop Act, amendment of his complaint would be futile. *Luongo*, 823 A.2d 969. Therefore, we conclude that Appellant is entitled to no relief. Accordingly, we affirm the order sustaining Appellees' preliminary objections in the nature of a demurrer.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/10/2015