J-S58017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL NOTO & LISA NOTO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| DANIEL J. MILLETT, BRETT A. MILLETT, DANIEL MILLETT, III, JOHN TODD MILLETT, MARI MILLETT DOHERTY, STACIE MILLETT RECHLICZ, AND TIMOTHY G. MILLETT, INDIV. /D/B/A MILLETT REAL ESTATE, A PENNSYLVANIA GENERAL PARTNERSHIP | |
| | No. 362 MDA 2016 |

Appeal from the Order Entered February 16, 2016
In the Court of Common Pleas of Lackawanna County
Civil Division at No(s): 2015-04180

BEFORE:  GANTMAN, P.J., BOWES AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 19, 2016**

Michael Noto and Lisa Noto appeal from the February 16, 2016 order sustaining preliminary objections in the nature of a demurrer and dismissing their amended complaint.  We affirm.

Appellants instituted this action against Daniel J. Millett, Brett A. Millett, Daniel Millett, III, John Todd Millett, Mari Millett Doherty, Stacie Millet Rechlicz, and Timothy G. Millett, individually, and doing business as Millett Real Estate (collectively "Millet").  The amended complaint sought declaratory and equitable relief, and also asserted claims for negligence and

_____

* Retired Senior Judge assigned to the Superior Court.

nuisance. The facts are as follows. Appellants own a parcel of land abutting property owned by Millett in South Abington Township, Lackawanna County. Millett sought to improve its land by constructing a personal care facility on its property. In order to manage stormwater runoff, Millett included a large stormwater detention basin and infiltration system as part of the planned property development. This system relied on an overflow spillway to direct stormwater from the premises in case of extreme weather events. In such an event, the spillway conducted overflow onto Appellants' property.

In order to comply with the strictures of the Pennsylvania's Storm Water Management Act, 32 P.S. § 680.1, *et seq*., Millett submitted its stormwater runoff management plan for approval to the Lackawanna County Conservation District acting on behalf of the Department of Environmental Protection. Following a series of revisions to the plan, Millett obtained the necessary permits to install the stormwater basin and spillway.

After Millett completed installation of its stormwater basin and spillway, Appellants filed a complaint against Millett alleging violations of the Storm Water Management Act, seeking declaratory and equitable relief, and raising claims for negligence and nuisance. Appellants focused upon the threat of harm to their property, upon which they planned to build townhouses, caused by runoff originating from the spillway. Millett filed preliminary objections, which the court sustained in part following oral

argument. The court directed Appellants to file an amended complaint, and they complied.

Appellants' amended complaint raised counts for declaratory and equitable relief, negligence, and nuisance. However, they abandoned their claims arising under the Storm Water Management Act. Appellants also added averments regarding historical storm data in Lackawanna County, and alleged miscalculations as to the size and capacity of Millett's basin in documents attached to Millett's stormwater management permit application. In essence, Appellants' amended complaint asserted that it was merely a matter of time before an extreme weather event would overwhelm the basin's carrying capacity, cause harmful erosion from concentrated stormwater flowing onto their property, and reduce the value of townhouses they planned to develop thereon.

Millett filed preliminary objections in the nature of a demurrer, to which Appellants responded with their own preliminary objections. During oral argument, Millett asserted that Appellants had not proven that harm to their property was imminent since they did not allege that the basin, as constructed, was of a smaller volume than estimated due to the supposed miscalculations.

The court issued an order sustaining Millett's preliminary objections in the nature of a demurrer finding that Appellants' claims were not ripe. The court noted that miscalculations in the design of the basin "could be a

concern if shown," but emphasized that "there are no known design problems with the stormwater system as built." Trial Court Opinion, 4/6/16, at 4. Furthermore, it found that allegations that the runoff would diminish the value of townhomes Appellants aspired to build was "remote, hypothetical, and speculative at this time." *Id*. Finally, the court observed that Appellants' reliance on a "100 year storm event" as proof that harm to their property was likely did not establish that such damages were real, present, or imminent. *Id*. Thus, it concluded that Appellants' claims were not ripe, and granted Millett's preliminary objections in the nature of a demurrer.

Appellants filed a timely notice of appeal. The court did not direct Appellants to file a Rule 1925(b) statement of errors complained of on appeal, and authored an opinion in support of its order.

Appellants raise two issues for our consideration:

1. Whether the lower court erred in dismissing the Amended Complaint, which asserted claims of negligence and nuisance and sought declaratory and injunctive relief, by relying upon purported unverified facts outside the Amended Complaint and by sustaining [Millett's] preliminary objection in the nature of a demurrer?

2. Whether the lower court erred in its application of the doctrine of ripeness in sustaining [Millett's] preliminary objections in the nature of a demurrer?

Appellants' brief at 4.

Initially, we note the standard for our review of a trial court's ruling on preliminary objections in the nature of a demurrer:

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Thus, our scope of review is plenary and our standard of review mirrors that of the trial court. Accepting all material averments as true, we must determine whether the complaint adequately states a claim for relief under any theory of law.

*Grose v. Procter & Gamble Paper Products*, 866 A.2d 437, 440 (Pa.Super. 2005) (citation and internal quotations omitted). The court must also accept as true all reasonable inferences deducible from the averments. *Juszczyszyn v. Taiwo*, 113 A.3d 853, 856 (Pa.Super. 2015). Nevertheless, "the court may consider only such matters as arise out of the complaint itself; it cannot supply a fact missing in the complaint." *Id*. If there is any doubt as to whether a preliminary objection in the nature of a demurrer should be sustained, that doubt should be resolved in favor of overruling the preliminary objection. *Richmond v. McHale*, 35 A.3d 779, 783 (Pa.Super. 2012).

Appellants first challenge the trial court's purported reliance on unverified facts presented to the court by Millett. Specifically, Appellants assail the court's determination that alleged miscalculations in the design of the stormwater basin, which would render it much smaller than contemplated in the original plans, were corrected when the system was

- 5 -

built.  Appellants emphasize the following averments from their amended

complaint:

40. Significantly, a careful review of the design calculations submitted by [Millett] concerning the detention basin discloses that, whether intentionally or negligently, [Millett] erroneously referred to a one foot (1') change in elevation as a four foot (4') elevation change.  This error results in [Millett's] further basin sizing calculations using a nine foot (9') basin depth when the actual depth is only six (6') feet.  As a result of this miscalculation, [Millett] overstated the volume of the detention basin by approximately twenty-five percent (25%).

41. [Millett] design drawings further show that the emergency spillway and the R-4 rock used as riprap are at a lower elevation (approximately 1 ½ feet) than the spillway elevation as designed, thereby reducing the actual capacity of the basin.

42. As a result of the foregoing negligent or intentional errors and calculations, the actual capacity of the basin is approximately 56% less than the basin sizing calculations submitted by [Millett].

43. In fact, based upon the errors and miscalculations on the designs submitted by [Millett], the capacity of the detention basin is barely large enough to hold the volume from a "10-year" storm event rather than the expected volume of a "100-year" storm.[1]

Amended Complaint, 10/26/15, at ¶¶ 40-43.  Appellants argue that the

court erred in basing its conclusion that the threatened discharge of

---

[1] Appellants characterize a "100-year storm event" as a high level of rainfall with a one-percent chance of occurring in any given year, and therefore on this same line of reasoning, a "10-year storm event" is a lesser level of rainfall with a ten-percent chance of occurring in any given year, and so forth.  *See* Amended Complaint, 10/26/15, at ¶ 31.

stormwater was too remote a possibility to be legally cognizable because that conclusion rested on facts that appeared outside the record.

To establish a common law cause of action in negligence, a plaintiff must demonstrate that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage. ***Lux v. Gerald E. Ort Trucking, Inc.***, 887 A.2d 1281, 1286 (Pa.Super. 2005). An action for negligence lies only if injury or damage is present. ***Jeloszewski v. Sloan***, 100 A.2d 480, 482 (Pa. 1953).

Additionally, an injunction to restrain a threatened nuisance will not be granted unless the facts show that the proposed use will be a nuisance *per se* or that a nuisance must necessarily result. ***City of Erie v. Gulf Oil Corp.***, 150 A.2d 351, 353 (Pa. 1959). Where there is no nuisance *per se*, an injunction will not be granted to restrain a threatened nuisance unless it appears that the nuisance is practically certain and not merely probable. ***Ranck v. Bonal Enterprises, Inc.***, 359 A.2d 748, 752 (Pa. 1976) (citation omitted). Finally, declaratory relief is not a matter of right, but rather is a matter left to the sound judicial discretion of the court. ***Consolidated Coal Co. v. White***, 875 A.2d 318, 325 (Pa.Super. 2005).

Instantly, Appellants averred that the stormwater basin was built and that, according to the plans, it did not have the represented capacity due to miscalculations contained therein. ***See*** Amended Complaint, 10/26/15, ¶¶

18, 40-43. Since Appellants are entitled to the benefit of all reasonable inferences deducible from the allegations in their amended complaint, we find it reasonable to infer that Millett built its basin according to the plans submitted during the permitting process. *Juszczyszyn*, *supra*.

In sustaining the demurrer, however, the trial court found that Appellants failed to plead that the basin was built as designed. In arriving at that conclusion, the trial court credited Millett's representation in its brief that the basin, as constructed, did not include the supposed design defects. Since we find it was reasonable to infer that Millett's basin was built per the plans, Appellants should have been given the benefit of that inference, and Millett's statement to the contrary should not have been considered in determining the sufficiency of the complaint. The court misapplied the proper standard of review of preliminary objections in the nature of a demurrer. Although the court erred in this regard, it will not afford Appellant relief based on our disposition of their second issue. *Knowles v. Levan*, 15 A.3d 504 (Pa.Super. 2011) (finding an error by the trial court harmless where it did not affect the result).

Appellants next assert that the court erred in determining this matter was not ripe for review. They posit that the factual averments included in the amended complaint established that it was only a matter of time before Millett's stormwater basin overflowed causing damage to their property. Appellants maintain that the historical storm data and significant design

deficiencies pled in the amended complaint, as discussed above, compelled the conclusion that injury to their property, including erosion and diminution to the value of townhouses they plan to build on their property, was imminent. Thus, they contend, this matter was ripe for the court's review.

The doctrine of ripeness implicates the timing of the court's intervention in litigation. *Philadelphia Entertainment and Development Partners, L.P. v. City of Philadelphia*, 937 A.2d 385, 392 (Pa. 2007). The ripeness doctrine is invoked to prevent the courts, by avoiding premature adjudication, from entangling themselves in abstract disagreements. *Id*. Courts are not to answer academic questions, render advisory opinions, or make decisions based on assertions as to hypothetical events that might occur in the future. *Id*.

With regard to the quantity of past rainfall in Lackawanna County, Appellants asserted the following:

> 32. For instance, within Lackawanna County during the last twenty (20) years, two (2) storms have had rainfall that exceeded the expected "500-year storm" level. Similarly, within Lackawanna County during the past twenty (20) years, three (3) storms have occurred with an amount of rainfall at the expected "20 to 25-year storm" levels and five (5) storms have occurred with an amount of rainfall between the amount expected for "50-year" and "100-year" storms.

Amended Complaint, 10/26/15, at ¶ 32. Appellants maintain that the basin was only large enough to hold the volume of a "10-year storm" event.

Here, Appellants levied no allegations sounding in trespass, or of actual harm to their property. Indeed, the record reveals that no harm has yet befallen Appellants' property and that no runoff has occurred. Thus, any relief due must be premised upon their contentions that the threatened harm arising from Millett's stormwater system was practically certain to occur, and not merely probable. **Ranck**, **supra**.[2]

Appellants' allegations of past storm data and miscalculations as to the design of the basin, even if true, do not support the conclusion that harm is practically certain to occur or is more than merely probable. Appellants concede that the basin, as designed, is "large enough to hold the volume

_____

[2] Appellants cite to three Commonwealth Court cases for the uncontroversial claim that remedies are available to property owners where harm is threatened against their property. **See** Appellants' brief at 17. The proposition arises first in *dicta* in **Klein v. Shadyside Health, Educ. and Research Corp.**, 643 A.2d 1120 (Pa.Cmwlth. 1994). Two other Commonwealth Court cases, **Chase v. Eldred Borough**, 902 A.2d 992 (Pa.Cmwlth. 2006), and **Bretz v. Central Bucks School Dist.**, 86 A.3d 306 (Pa.Cmwlth. 2014), cite to **Klein** for this proposition, however, these two cases involve allegations of actual, and ongoing, property damage. Significantly, the **Klein** court observed "a land use can obtain a proper zoning approval under a zoning ordinance which is valid, and yet, **by reason of the manner of its operation or its particular nature**, still constitute a nuisance subject to an equitable remedy." **Klein**, 62 A.2d at 558 (emphasis added). The implication arising in **Klein**, and expressed in **Chase** and **Bretz**, is that some things constitute a nuisance by their character alone, and others become so as a result of their use. Although we are not bound by decisions of the Commonwealth Court, its decisions may provide persuasive authority. **Petow v. Warehime**, 996 A.2d 1083, 1088 n.1 (Pa.Super. 2010). Since Appellants challenge the manner in which the basin will operate in the future, it is clear they have not, and cannot, allege actual harm. Thus, **Chase** and **Bretz** are inapplicable.

from a '10-year storm' event." Amended Complaint, 10/26/15, at ¶ 43. Hence, their claims rely on the occurrence of a level of rainfall that has less than a ten percent chance of occurring in any given year.

The unlikely nature of this claim renders this dispute premature. Although Appellants assert that ten storms with a sufficient level of rainfall to overtop the basin have taken place in the last twenty years in Lackawanna County, the likelihood of such a storm occurring is less than five percent each year. Such a low probability does not support the claim that harm to Appellants' property was practically certain. Furthermore, that this potential danger may diminish the value of townhomes Appellants may build sometime in the future is of no moment, as such diminution in value is equally as speculative. **Philadelphia Entertainment**, **supra**. Since Appellants' averments do not establish the requisite likelihood of injury to their property, this matter is not ripe for review, and the court did not err in sustaining Millett's preliminary objections in the nature of a demurrer.[3]

_____

[3] Obviously, at some point in the future if runoff causes harm to Appellants' property, a suit could be filed against Millett at that time. **See Rau v. Wilden Acres, Inc.**, 103 A.2d 422 (Pa. 1954).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/19/2016