J-S33027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LARRY C. MILLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOAN DALY, MARKS O'NEILL O'BRIEN | : | No. 14 EDA 2025 |
| DOHERTY & KELLY, PC | : | |

Appeal from the Order Entered November 26, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  240803610

BEFORE:  BOWES, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.:                **FILED DECEMBER 30, 2025**

Appellant Larry C. Miller appeals *pro se*[1] from the order sustaining the preliminary objections filed by Joan Daly and Marks, O'Neill, O'Brien, Doherty & Kelly, PC (collectively, Appellees) and dismissing Appellant's complaint with prejudice.  Appellant argues that the trial court erred by concluding that Appellant failed to state a claim.  We affirm.

The trial court summarized the facts and the procedural history of this matter as follows:

1. Prior Lawsuit

On March 15, 2022, Solomon Abraham, represented by [Appellant], filed a complaint against Ahmet Kazan and Kazan Transport Inc., represented by [Appellees].  From August 29,

---

[1] While Appellant is appearing *pro se* in the instant appeal, Appellant is a licensed attorney in the Commonwealth of Pennsylvania.

2022 to September 13, 2022, [Appellant] was on vacation with family. On August 29, 2022, [Appellees], on behalf of Ahmet Kazan and Kazan Transport Inc., filed a motion to compel. On September 6, 2022, [Appellees], on behalf of Ahmet Kazan and Kazan Transport Inc., filed a certification that [Appellant], on behalf of Solomon Abraham, did not contest the motion to compel.

On that same date, while on vacation with family, [Appellant], on behalf of Solomon Abraham, filed a response stating that [Appellant], on behalf of Solomon Abraham, contests the motion to compel and that neither [Appellant] nor Solomon Abraham made any agreement with [Appellees] or Ahmet Kazan and Kazan Transport Inc. not to contest the motion to compel.

On October 6, 2022, after returning from vacation, [Appellant], on behalf of Solomon Abraham, filed a response to the motion to compel. On November 15, 2022, Judge Carpenter held a hearing on the motion to compel. On November 16, 2022, Judge Carpenter granted the motion to compel and ordered Solomon Abraham to respond to Ahmet Kazan and Kazan Transport Inc.'s discovery requests within 30 days.

On April 14, 2023, [Appellant], on behalf of Solomon Abraham, filed a motion for sanctions against [Appellees] and Ahmet Kazan and Kazan Transport Inc. based on [Appellees' alleged] violat[ion of] discovery rules, which the trial court denied without prejudice on July 11, 2023.

On September 21, 2023, [Appellant], on behalf of Solomon Abraham, and [Appellees], on behalf of Ahmet Kazan and Kazan Transport Inc., settled the case. A request to settle, discontinue, and end the case was filed and entered on October 10, 2023.

2. Present Lawsuit

On August 29, 2024, [Appellant] filed a complaint in the Philadelphia County Court of Common Pleas against [Appellees] for violating 18 Pa.C.S.[ §] 4904 and the Rules of Professional Conduct. On October 14, 2024, [Appellees] filed preliminary objections, which the trial court sustained on November 26, 2024 and dismissed [Appellant's] complaint with prejudice because [Appellant] failed to plead a legally sufficient cause of action.

Trial Ct. Op., 5/27/25, at 1-2 (some formatting altered).

Appellant filed a timely notice of appeal. The trial court did not order Appellant to comply with Pa.R.A.P. 1925(b). The trial court issued a Rule 1925(a) opinion concluding that Appellant's complaint failed to plead a legally sufficient cause of action.

On appeal, Appellant raises the following issues:

1. Whether the trial court erred in sustaining preliminary objections and dismissing Appellant's claim where Appellant alleged that Appellee, an attorney, intentionally misrepresented material facts and/or gave false statements under oath during litigation, thereby committing an actionable tort?

2. Whether an attorney may be held liable under Pennsylvania law for tortious conduct undertaken during the course of legal representation when such conduct exceeds the bounds of proper advocacy and is motivated by malice or bad faith?

Appellant's Brief at 5.[2]

_____

[2] We note that although Appellant has raised two issues in his statement of questions presented, the argument section of his brief is divided into four sections (not counting the conclusion): (1) "the trial court erred in sustaining preliminary objections where the complaint adequately alleged an intentional tort by an attorney"; (2) "attorneys may be held personally liable for intentional torts committed during the course of representation"; (3) "the litigation privilege does not shield attorneys from liability for malicious or perjurious conduct"; and (4) "public policy supports holding attorneys accountable for intentional misconduct." *See* Appellant's Brief at 10-15 (some formatting altered). We note that the Pennsylvania Rules of Appellate Procedure require that the argument section of the brief be divided into as many parts as there are questions to be argued. Pa.R.A.P. 2119(a). Failure to do so may result in waiver. *Ramalingam v. Keller Williams Realty Grp., Inc.*, 121 A.3d 1034, 1042 (Pa. Super. 2015). While we do not condone Appellant's failure to comply with the Rules of Appellate Procedure, we find that the defect in Appellant's brief does not impede our ability to render meaningful appellate review; therefore, we decline to find waiver on this basis. *Id.*

In his first issue, Appellant argues that the trial court erred by sustaining Appellees' preliminary objections because Appellant had alleged in his complaint that Appellee Daly[3] committed an intentional tort. *Id.* at 10-11. Specifically, Appellant contends that his complaint alleged that Appellee Daly "knowingly misrepresented material facts and/or made a false certification under oath in the court proceedings." *Id.* at 11. Appellant further claims that "[t]hese falsehoods were not mere advocacy errors but deliberate acts intended to mislead the court and harm Appellant." *Id.*; *see also id.* at 13 (arguing that Appellee Daly "intentionally misrepresented facts and/or false certification in a manner calculated to mislead the court and cause reputational and professional harm").

This Court has explained:

We review an order sustaining preliminary objections seeking dismissal of an action *de novo*:

Our standard of review of an order of the trial court [ruling on] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action

---

[3] In his appellate brief, Appellant refers to "Appellee" in the singular, even though there are two Appellees in this matter. Our review of Appellant's complaint reveals that Appellant's allegations were about Appellee Daly.

- 4 -

> should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.
>
> ***Fiedler v. Spencer***, 231 A.3d 831, 835-36 (Pa. Super. 2020) (citations omitted). This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the preliminary objections will result in the denial of [a] claim or a dismissal of suit, the preliminary objections may be sustained only where the case is free and clear of doubt. ***Hill v. Ofalt***, 85 A.3d 540, 547-48 (Pa. Super. 2014).

***Godlove v. Humes***, 303 A.3d 477, 480-81 (Pa. Super. 2023). Further, "[i]t is well settled that we may affirm the decision of the trial court on any valid basis appearing of record." ***Juszczyszyn v. Taiwo***, 113 A.3d 853, 858 n.5 (Pa. Super. 2015) (citation omitted).

Further, this Court has explained:

> Pennsylvania is a fact pleading rather than a notice pleading jurisdiction. As a result, courts are presumed to know the law and plaintiffs need only plead facts constituting the cause of action . . . . . The plaintiff is not required to specify the legal theory . . . underlying the complaint.

***Griffin v. Rent-A-Center, Inc.***, 843 A.2d 393, 395 (Pa. Super. 2004) (*per curiam*) (citations omitted and formatting altered).

Section 4904 of the Crimes Code provides, in relevant part:

> **(a) In general.—**A person commits a misdemeanor of the second degree if, with intent to mislead a public servant in performing his official function, he:
>
>> (1) makes any written false statement which he does not believe to be true;

> (2) submits or invites reliance on any writing which he knows to be forged, altered or otherwise lacking in authenticity[.]

18 Pa.C.S. § 4904(a)(1)-(2).

This Court has explained:

> Implied authority for a private cause of action [under a statute] exists when (1) the plaintiff is part of a class for whose 'especial' benefit the statute was enacted; (2) there is an indication of legislative intent to create or deny a remedy; and (3) an implied cause of action is consistent with the underlying purpose of the legislative scheme.

***Palmiter v. Commonwealth Health Sys., Inc.***, 260 A.3d 967, 971 (Pa. Super. 2021) (citation omitted).

Our Supreme Court has explained that "the second [] factor has been recognized as the 'central inquiry' of the analysis[.]" ***Estate of Witthoeft v. Kiskaddon***, 733 A.2d 623, 626 (Pa. 1999) (citations omitted).

The ***Palmiter*** Court stated, regarding the second prong of this standard:

> To determine whether an explicit or implied private right of action exists under a particular statute, we must examine the language of the statute and analyze the legislative intent in enacting the statute. Absent an explicit statutory right to a private cause of action, we look to the intent of the General Assembly to determine whether there is an implied right of action. In determining the intent of the legislature, we must read the statutory language in context, and every portion of statutory language is to be read together and in conjunction with the remaining statutory language, and construed with reference to the entire statute as a whole.

***Palmiter***, 260 A.3d at 973 (citations omitted and some formatting altered).

- 6 -

In a defamation action, the plaintiff has the burden of proof regarding the following elements:

(1) The defamatory character of the communication.

(2) Its publication by the defendant.

(3) Its application to the plaintiff.

(4) The understanding by the recipient of its defamatory meaning.

(5) The understanding by the recipient of it as intended to be applied to the plaintiff.

(6) Special harm resulting to the plaintiff from its publication.

(7) Abuse of a conditionally privileged occasion.

*Lewis v. Philadelphia Newspapers, Inc.*, 833 A.2d 185, 191 (Pa. Super. 2003) (quoting 42 Pa.C.S. § 8343).

Regarding fraud, this Court has stated:

The elements of fraud, or intentional misrepresentation, are (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance. The essence of fraud is a misrepresentation fraudulently uttered with the intent to induce the action undertaken in reliance upon it, to the damage of its victim.

*Presbyterian Med. Ctr. v. Budd*, 832 A.2d 1066, 1072 (Pa. Super. 2003) (citations omitted).

Lastly, this Court has explained:

There remains some question as to whether the courts of this Commonwealth recognize a cause of action for intentional infliction of emotional distress [(IIED)]. *See, e.g.*, *Hoy v. Angelone*, 720 A.2d 745, 753-54 n.10 (Pa. 1998). However, our

- 7 -

Supreme Court has indicated that in order for a plaintiff to prevail on such a claim, he or she must, at the least, demonstrate intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress to the plaintiff. *Id.*, 720 A.2d at 754.[fn5]

[fn5] "Outrageous or extreme conduct" has been defined by the appellate courts of this Commonwealth as conduct that is so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society.

*Reeves v. Middletown Athletic Ass'n*, 866 A.2d 1115, 1122 (Pa. Super. 2004) (some citations omitted and some formatting altered).

"For an IIED claim to survive a preliminary objection, a court must determine, as a matter of law, whether there is sufficient evidence for reasonable persons to find extreme or outrageous conduct." *Jordan v. Pennsylvania State Univ.*, 276 A.3d 751, 775 (Pa. Super. 2022) (citation and quotation marks omitted).

Here, the trial court concluded that Appellant could not maintain a private cause of action under 18 Pa.C.S. § 4904 or the Rules of Professional Conduct. *See* Trial Ct. Op. at 3-4. The trial court did not address any other intentional torts which Appellant might have pled in his complaint.

Based on our review of the record, we discern no error of law or abuse of discretion in the trial court's decision to sustain Appellees' preliminary objections and dismiss the complaint, albeit on partially different grounds. *See Godlove*, 303 A.3d at 480-81; *Juszczyszyn*, 113 A.3d at 858 n.5. Specifically, we agree with the trial court that there is no cause of action for

- 8 -

violations of the Rules of Professional Conduct because the Rules do not have the effect of substantive law. *See* Trial Ct. Op. at 3-4 (citing, *inter alia*, **In re Adoption of M.M.H.**, 981 A.2d 261, 272-73 (Pa. Super. 2009)).

The record reflects that in his complaint, Appellant alleged, in relevant part:

> 16. In [Appellee] Daly's *praecipe* [to enter uncontested discovery order] she swore she spoke with [Appellant] regarding discovery for the motion to compel. Daly's sworn statement is a misrepresentation of the facts and is a violation of Pennsylvania penalties of perjury 18 Pa.C.S.[] § 4904 and a violation of the Rules of Professional Conduct.
>
> *      *      *
>
> 20. [Appellee] Daly's violations of the penalty of perjury [statute] were intentional.
>
> 21. [Appellee] Daly's violation of the penalty of perjury [statute] is a crime in the Commonwealth of Pennsylvania.
>
> 21. As a result of [Appellee] Daly's intentional violation of the penalties of perjury 18 Pa.C.S. . . . § 4904 and her intentional violation of the Rules of Professional Conduct, [Appellant] suffered mentally because he was forced to work on his vacation that suffering culminated in his immediately filing a response to [Appellee] Daly['s] *praecipe* for an uncontested order.

Compl. at ¶¶ 16, 20-21 (some formatting altered).[4]

Our review of the language of Section 4904 indicates that it does not expressly create a private right of action for those affected by the making of a false statement intended to mislead a public servant. *See* 18 Pa.C.S. § 4904. Further, there is nothing in the language of the statute indicating that

_____

[4] There are two paragraphs numbered as "21" in Appellant's complaint.

the Legislature intended to create a civil remedy with this criminal statute. *See Palmiter*, 260 A.3d at 971, 973; *see also Estate of Witthoeft*, 733 A.2d at 626. For these reasons we agree with the trial court that Appellant cannot state a cause of action under Section 4904.

However, this does not end our inquiry. As stated above, Appellant asserts that Appellee Daly's conduct constituted an intentional tort. *See* Appellant's Brief at 10-11; *see also* Compl. at ¶¶ 22-23. Therefore, we review Appellant's complaint to determine if he has stated a cause of action for any intentional tort related to false statements.

As stated above, to state a cause of action for defamation, a plaintiff must plead, among other things, that the defendant's communication had a defamatory character, and that the communication applied to the plaintiff. *See* 42 Pa.C.S. § 8343(a)(1)-(3). Although Appellant alleged in his complaint that Appellee Daly's *praecipe* to enter an uncontested discovery order contained false statements, Appellant has not alleged that these statements had a defamatory character. *Compare* Compl. at ¶¶ 9-25 *with* 42 Pa.C.S. § 8343(a)(1). Therefore, we conclude that Appellant has failed to plead a claim of defamation. *See Godlove*, 303 A.3d at 481 (explaining that "[p]reliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief" (citation omitted)).

To state a cause of action for fraud, a plaintiff must plead, among other things, that the plaintiff justifiably relied on the defendant's misrepresentation and that reliance was the proximate cause of the plaintiff's resulting injury. *See Budd*, 832 A.2d at 1072.

In his complaint, Appellant alleged, in relevant part:

11. While on vacation [Appellant] was forced to respond to [Appellee] Daly's motion and certification. . . .

12. [Appellant] further stated in his response; I checked my email occasionally. Hence, I am responding to the defendants' *praecipe* to enter uncontested discovery order.

13. Further, [Appellant] stated in his response he planned to answer [the] defendants' discovery when he returned on September 13, 2022. . . .

14. In October 2022, Miller filed a second response to [Appellee] Daly's false certification. . . .

* * *

21. As a result of [Appellee] Daly's intentional violation of the penalties of perjury 18 Pa.C.S. . . . § 4904 and her intentional violation of the Rules of Professional Conduct, [Appellant] suffered mentally because he was forced to work on his vacation that suffering culminated in his immediately filing a response to [Appellee] Daly['s] *praecipe* for an uncontested order.

22. Additionally, [Appellee] Daly's intentional tort caused [Appellant] economical [sic] losses because he had to file several responses and motions to [Appellee] Daly's motions to compel [and] her *praecipe* for an uncontested order . . . .

Compl. at ¶¶ 11-14, 21-22 (some formatting altered).[5]

---

[5] As noted above, there are two paragraphs numbered as "21" in Appellant's complaint.

- 11 -

The factual allegations in Appellant's complaint do not include any allegations that he justifiably relied on Appellee's alleged misrepresentation. *See Budd*, 832 A.2d at 1072. To the contrary, Appellant pled that he reacted to Appellee Daly's alleged misrepresentation by filing multiple responses with the trial court. *See* Compl. at ¶¶ 11-14, 21-22. Therefore, we conclude that Appellant has failed to plead a claim of fraud. *See Godlove*, 303 A.3d at 481.

Lastly, to state a cause of action for intentional infliction of emotional distress, a plaintiff must allege that the defendant intentionally engaged in outrageous or extreme conduct which caused severe emotional distress to the plaintiff. *See Reeves*, 866 A.2d at 1122. Here, Appellant asserted in his complaint that "[a]s a direct and proximate result of [Appellees'] intentional act [Appellant] suffered mental anguish, severe and substantial emotional distress, and loss of the capacity for the enjoyment of life while on vacation and upon his return from vacation." Compl. at ¶ 24. However, we conclude the allegations that of the complaint are insufficient for reasonable persons to find Appellee Daly's purported conduct was outrageous or extreme. *Compare* Compl. at ¶¶ 9-25 *with Jordan*, 276 A.3d at 775 *and Reeves*, 866 A.2d at 1122 n.5 (explaining that outrageous or extreme conduct "is so outrageous in character, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in civilized society" (citations omitted)). Therefore, we conclude that Appellant has failed to plead a claim of intentional infliction of emotional distress. *See Godlove*, 303 A.3d at 481.

For these reasons, we conclude that Appellant has failed to state a cause of action and affirm the trial court's order sustaining Appellees' preliminary objections and dismissing Appellant's complaint with prejudice. ***See id.*** at 480-81.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/30/2025