J-A20005-23

2023 PA Super 184

| | | |
|---|---|---|
| JACOB E. GODLOVE, SR. AND KAYLA KELLEY IN HER INDIVIDUAL AND AS ADMINISTRATOR OF THE ESTATE OF JACOB E. GODLOVE, JR. | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 102 MDA 2023 |
| JOHN HUMES AND MOUNTAIN VIEW TRANSPORTATION, LLC., AND COUNTY HALL INSURANCE COMPANY INC. | : : : : | |

Appeal from the Order Entered December 29, 2022
In the Court of Common Pleas of Franklin County
Civil Division at No(s): 2022-00501

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.*

OPINION BY PANELLA, P.J.: **FILED: SEPTEMBER 26, 2023**

Jacob E. Godlove, Sr. and Kayla Kelley in her individual capacity and as administrator of the estate of Jacob E. Godlove, Jr. (collectively "Appellants"), appeal from the order granting the preliminary objections filed by Risk Retention Groups and County Hall Insurance Company, dismissing Appellants' declaratory judgment action. Appellants were seeking a declaration that a policy, specifically the MCS-90 endorsement which addresses motor carrier policies of insurance for public liability, issued by County Hall to its insureds,

_____

* Former Justice specially assigned to the Superior Court.

John R. Humes and Mountain View Transportation, LLC, covers the vehicle in issue in the underlying civil action for damages filed by Appellants against Humes and Mountain View. Upon review, we reverse.

We defer to the trial court's concise statement of the relevant facts:

> The facts giving rise to this matter occurred on October 22, 2019. Defendant John R. Humes (hereinafter "Defendant Humes") drove a commercial truck owned by Defendant Mountain View Transportation, LLC, (hereinafter "Defendant Mountain View") and struck a small pickup driven by Plaintiff Jacob E. Godlove, Sr., while Plaintiff Kayla Kelley was his passenger (hereinafter "Plaintiffs"). Plaintiffs instituted a personal injury case' in Franklin County (hereinafter "underlying action") via Writ of Summons on April 30, 2021. Defendants Humes and Mountain View were served and County Hall initially defended them under a reservation of rights.
>
> Thereafter, Defendant County Hall filed a Declaratory Judgment action (concerning their coverage obligations for the accident) in federal court on October 14, 2021. Defendant County Hall named only Humes and Mountain View as defendants in its federal action; Plaintiffs were not permitted to intervene. Humes and Mountain View did not litigate the federal action and Defendant County Hall moved for a default judgment in February 2022.
>
> Plaintiffs instituted this state court Declaratory Judgment action via Complaint on February 21, 2022. Plaintiffs sought a determination of whether Defendant Humes was a permissive driver under the County Hall commercial insurance policy purchased by Defendant Mountain View. All Defendants were served. Defendants Humes and Mountain View have no counsel of record and have not participated in this case thus far.
>
> After two complaints and corresponding sets of preliminary objections, Plaintiffs filed their Second Amended Declaratory

Judgment Complaint on May 31, 2022.[1] Defendant County Hall filed the subject preliminary objections and brief in support on June 22, 2022. Plaintiffs filed their response on July 11, 2022[,] and their brief in opposition on August 16, 2022. Oral argument was held on October 6, 2022. On December 29, 2022, [the trial court], via Order, sustained Defendant County Hall's preliminary objections and dismissed Plaintiffs' case with prejudice. Plaintiffs appealed on January 6, 2023[,] and filed their Statement of Errors Complained of on Appeal on January 17, 2023.

Trial Court Opinion, 2/20/2023, at 1-3 (footnotes and citations to the record omitted). The trial court further stated:

Shortly after their appeal in this matter, Plaintiffs obtained and entered of record a "Non Execution, Assignment, Settlement and Stipulation to Consent Judgment" with Defendants Humes and Mountain View in the underlying case (Franklin County Docket 2021-1310) on January 16, 2023. A judgment of $1,000,000 was entered of record on January 17, 2023.

*Id*., at 9, n.4.

On appeal, Appellants raise two arguments, both of which address the issue of whether it was legally and procedurally permissible for Appellants, as the injured parties in a related civil action, to institute this declaratory judgment action against the alleged tortfeasors' insurance carrier.

A. Whether the trial court erred as a matter of law in granting the Appellee's County Hall Insurance Company's preliminary

---

[1] In the Second Amended Declaratory Judgment Complaint, Appellants stated that they had filed an Amended Complaint in the underlying action on September 16, 2021, against Humes and Mountain View; the Amended Complaint was attached as Exhibit C. See Second Amended Declaratory Judgment Complaint, ¶ 11 and Exhibit C. The Amended Complaint against Humes and Mountain View indicated that it was docketed to No. 2021-1310 in the Court of Common Pleas of Franklin County, Pennsylvania, and included allegations in reference to the automobile accident which occurred on October 22, 2019.

objections and dismissing the Plaintiffs' /Appellants' case with prejudice because the Appellants are entitled to pursue the case under Pennsylvania Supreme Court precedent ***Allstate Insurance v Stinger***, 163 A.2d 74 (Pa. 1960).

B. Whether the trial court erred as a matter of law in granting the Appellee's County Hall Insurance Company's preliminary objections and dismissing the Plaintiffs' /Appellants' case with prejudice because the Pennsylvania Declaratory Judgment Act mandates for all interested parties to be included a declaratory judgment action. 75 Pa. C.S. § 7540.

Appellants' Brief at i-ii.

We review an order sustaining preliminary objections seeking dismissal

of an action *de novo*:

Our standard of review of an order of the trial court overruling or [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***Fiedler v. Spencer***, 231 A.3d 831, 835-36 (Pa. Super. 2020) (citations omitted). This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the preliminary objections will result in the denial

of claim or a dismissal of suit, the preliminary objections may be sustained only where the case is free and clear of doubt. **Hill v. Ofalt,** 85 A.3d 540, 547-548 (Pa. Super. 2014).

As stated above, this case involves a declaratory judgment action to determine the scope of liability of County Hall to its insureds, Humes and Mountain View, because the policy in issue allegedly covers the vehicle involved in the accident which occurred on October 22, 2019. The underlying civil action, docketed to No. 2021-1310 in Franklin County, Pennsylvania, was referenced and included as an exhibit to the Appellants' pleadings.

It is well settled that the proper construction of a policy of insurance is resolved as a matter of law in a declaratory judgment action. The Declaratory Judgments Act is available to interpret the obligations of the parties under an insurance contract, including the question of whether an insurer has a duty to defend as well as a duty to indemnify a party making a claim under the policy. **See Erie Insurance Exchange v. Lobenthal**, 114 A.3d 832, 836 (Pa. Super. 2015).

> Both the duty to defend and the duty to indemnify may be resolved in a declaratory judgment action.
>
> > It is well established that an insurer's duties under an insurance policy are triggered by the language of the complaint against the insured. In determining whether an insurer's duties are triggered, the factual allegations in the underlying complaint are taken as true and liberally construed in favor of the insured.

> ***Indalex Inc. v. National Union Fire Ins. Co. of Pittsburgh***, 83 A.3d 418, 421 (Pa.Super.2013) (citation and quotation marks omitted).

> > The obligation of an insurer to defend an action against the insured is fixed solely by the allegations in the underlying complaint. As long as a complaint alleges an injury which may be within the scope of the policy, the insurer must defend its insured until the claim is confined to a recovery the policy does not cover.

> ***Erie Ins. Exchange v. Fidler***, 808 A.2d 587, 590 (Pa.Super.2002) (citations omitted).

***American Nat. Property and Cas. Companies v. Hearn***, 93 A.3d 880, 883-884 (Pa. Super. 2014) (some citations omitted).

"Declaratory judgments are nothing more than judicial searchlights, switched on at the behest of a litigant to illuminate an existing legal right, status or other relation." ***Wagner v. Apollo Gas Co.***, 582 A.2d 364, 365 (Pa. Super. 1990) (citation omitted). The Declaratory Judgments Act empowers courts "to declare rights, status, and other legal relations whether or not further relief is or could be claimed," and these declarations "have the force and effect of a final judgment or decree." 42 Pa.C.S.A. § 7532.

> To bring a declaratory judgment action,

> there must exist an actual controversy[, as] [d]eclaratory judgment is not appropriate to determine rights in anticipation of events which may never occur. It is an appropriate remedy only where a case presents antagonistic claims indicating imminent and inevitable litigation.

***Bromwell v. Michigan Mut. Ins. Co.***, 716 A.2d 667, 670 (Pa. Super. 1998 (citation omitted)).

As stated by the trial court, there is no question that Appellants have reached a settlement with Humes and Mountain View, have entered a judgment against them, and have taken an assignment from them in order to pursue this declaratory judgment action against County Hall. The action docketed to No. 2021-1310 in the Court of Common Pleas of Franklin County was referenced in and attached to a pleading filed by Appellants, and the settlement, judgment and assignment in that case was detailed by the trial court in its opinion filed pursuant to Pa.R.A.P. 1925. See Trial Court Opinion, 2/20/2023, at 9, n.4. Pursuant to our Rules of Evidence,

> [t]he court may judicially notice a fact that is not subject to reasonable dispute because it:
>
>> (1) is generally known within the trial court's territorial jurisdiction; or
>>
>> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Pa. R.E. Rule 201(b). Additionally, Judicial Notice may be taken by the court on its own but *must* be taken "if a party requests it and the court is supplied with the necessary information." Pa. R.E. Rule 201(c).

As Appellants have acquired a judgment against Humes and Mountain View and have received an assignment from them of their rights under the County Hall policy, there is no issue of non-justiciability which existed in the **Bromwell** and **Avrich** cases. Because this was the only basis for the trial court's dismissal of Appellants' Declaratory Judgment action, the Order of December 29, 2022, is reversed and this matter is remanded to the Court of

Common Pleas of Franklin County for proceedings consistent with this decision.

Judgment reversed. Case remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.

President Judge Emeritus Stevens joins the Opinion.

Judge Murray concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/26/2023