J-A21013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LARIKOV, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| STACIE M. CAO | : | No. 364 EDA 2023 |

Appeal from the order Entered February 2, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 220302548

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.: **FILED FEBRUARY 28, 2024**

Appellant Larikov, LLC appeals from the order sustaining the preliminary objections filed by Appellee Stacie M. Cao and dismissing Appellant's fourth amended complaint. Appellant argues that the trial court erred in dismissing Appellant's complaint for lack of standing. We affirm based on the trial court's opinion.

The trial court summarized the underlying facts of this matter as follows:

### [Appellee] and Chai D. Hang Form Ocean Max LLC, and [Appellee] Manages It

On or about September 1, 2015, [Appellee] and Chai D. Hang formed Ocean Max LLC ("Ocean Max") by executing an Operating Agreement and a Certificate of Organization. The Operating Agreement provided that [Appellee] and Mr. Hang would each have a 50% interest, that [Appellee] would be a Managing Partner, and that Mr. Hang would be a General Partner. Otherwise, the Operating Agreement contains little detail. Importantly, the agreement has no provisions governing the transfer of membership interests; this means that Ocean Max operates in accordance with the statutory defaults, which are

discussed in more detail below. According to the fourth amended complaint, Ocean Max's assets include a property at 7139 State Road in Philadelphia (the "Property"). This Property was damaged in an unspecified way before July 2019; the Philadelphia Department of Licenses & Inspections labeled it as "unsafe" that month, and issued other violations through at least 2020. The Property, [Appellant] alleges, remains in a state of disrepair. In July 2019, [Appellant] alleges, Ocean Max received more than $91,000 in proceeds from an insurance claim for damage to the Property. [Appellant] alleges that [Appellee] either "placed said proceeds into her own pocket" or "simply dissipated the proceeds, against the interests of Ocean Max."

## [Appellant] Pays Mr. Hang $30,000 for His Interest in Ocean Max

On or about August 20, 2021, [Appellant] and Mr. Hang entered into an Agreement titled "Ocean Max LLC Sale of Business Fifty Percent (50%) Ownership Interest Agreement." This Agreement provided that [Appellant] would pay Mr. Hang $30,000 and receive, in return, 50% of the business and assets of Ocean Max, which included the Property and Ocean Max's name, lease, and equipment. The Agreement attached a "Certification" of Mr. Hang, which stated that Ocean Max had received an insurance payout, that [Appellee] had "access" to that payout, and that Mr. Hang agreed to testify on [Appellant's] behalf in any litigation with [Appellee].

On November 5, 2021, [Appellant's] representative, Vladimir Larikov, filed with the Pennsylvania Department of State a Certificate of Amendment for Ocean Max, which stated that "Larikov LLC is now a fifty (50) percent owner of Ocean Max LLC in place of prior fifty (50) percent owner, Chai D. Hang a/k/a Paul Hang." There is no indication that [Appellee] approved this filing.

## [Appellant's] Lawsuit Against [Appellee]

[Appellant] filed its initial complaint on March 24, 2022. [Appellee] filed preliminary objections, and [Appellant] amended its complaint in response. Three more rounds of preliminary objections and amended complaints followed; eventually, [Appellant] rested on the allegations of its fourth amended complaint.

[Appellant's] fourth amended complaint asserts that when [Appellant] purchased Mr. Hang's interest in Ocean Max, it

"stepped into the shoes of Mr. Hang, taking on his ownership interest in full." [Appellant] alleges that [Appellee] has mismanaged Ocean Max by failing to repair the Property, and contends that [Appellee's] alleged breach of her duties to Ocean Max mean that she is liable to [Appellant]. The fourth amended complaint purports to state claims for breach of contract (alleging that by failing to repair the Property, [Appellee] breached her duty to Ocean Max to exercise good faith and fair dealing); negligence (alleging that Ocean Max has been harmed by [Appellee's] negligence); breach of fiduciary duty (alleging that [Appellee] breached a fiduciary duty to Ocean Max); fraud (alleging that [Appellee] made unspecified "material representations to Mr. Hang and/or [Appellant] regarding the insurance claim and has not shared information regarding and/or proceeds of the same"); and unjust enrichment (alleging that [Appellee] profited from the insurance payment at [Appellant's] expense). [Appellant] seeks substantial damages or, in the alternative, an order partitioning Ocean Max or compelling [Appellee] to sell her membership interest to [Appellee].

In [Appellee's] preliminary objections to the fourth amended complaint, she argued that [Appellant] could not, under Pennsylvania law, succeed to any of Mr. Hang's governance rights or duties, and that [Appellant] therefore did not have standing to pursue its claims. She also contended that Mr. Hang's sale of his interest to [Appellee] was entirely void, and that this court should hold that [Appellant] had no interest in Ocean Max whatsoever. In an order docketed on January 4, 2023, this court sustained the preliminary objections and dismissed the fourth amended complaint. In its order, this court noted that [Appellant] is, at best, a holder of a "transferable interest" as defined by Pennsylvania statute, with rights only to future distributions and an accounting upon Ocean Max's dissolution; it has no right to participate in Ocean Max's management.

Trial Ct. Op., 5/15/23, at 1-4 (record citations and footnote omitted, some formatting altered).

Appellant filed a timely motion for reconsideration, which the trial court denied. Appellant subsequently filed a timely notice of appeal and a court-

- 3 -

ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellant's claims.

On appeal, Appellant raises the following issues, which we reorder as follows:

1. Whether the trial court abused its discretion or committed an error of law by granting Appellees' preliminary objections to Appellant's fourth amended complaint, by order dated January 3, 2032, as the court failed to consider that Appellee and the co-founder of Ocean Max, LLC, Chai D. Hang (hereinafter, "Mr. Hang"), had ample opportunity to negotiate terms prior to executing the Operating Agreement for the same and as a result, Appellee's and Mr. Hang's Operating Agreement must govern the matter in full without the trial court setting forth additional terms not in said Operating Agreement and thereafter allowing the transfer of interest between Appellant and Mr. Hang and thereby allowing by omission the transfer of interest as occurred in the instant matter between Appellant and Mr. Hang?

2. Whether the trial court abused its discretion or committed an error of law by granting Appellee's preliminary objections to Appellant's fourth amended complaint, by order dated January 3, 2023, as thereby denying the Appellant's properly achieved standing to file litigation against Appellee, even though, at minimum, Appellant lawfully purchased a transferrable interest in Ocean Max, LLC, thus giving Appellant an equitable interest in any disbursements(s) of said interest?

3. Whether the trial court abused its discretion or committed an error of law by granting Appellee's preliminary objections to Appellant's fourth amended complaint, by order dated January 3, 2023, disregarding Appellee's repeated admission, in her docketed filings, that an insurance payout was received and was not disbursed to the shareholders of Ocean Max, LLC and with said payout, at minimum a portion thereof, belonged to any interest-holder of Ocean Max, LLC, such as Appellant as Appellant rightfully purchased from Mr. Hang, thereby obtaining the full right to exercise and/or receive the benefits of said interest, such as the payouts of proceeds?

4. Whether the trial court abused its discretion or committed an error of law by granting Appellee's preliminary objections to Appellant's fourth amended complaint, by order dated January 3, 2023, disregarding Appellee's repeated admission, in her docketed filings, that an insurance payout was received and was not disbursed to the shareholders of Ocean Max, LLC and was deposited, in full, into Appellee's own personal account?

5. Whether the trial court abused its discretion or committed an error of law by granting Appellee's preliminary objections to Appellant's fourth amended complaint, by nothing in the January 3, 3023 order denying Appellant's claim that Appellee has a fiduciary duty to Appellant, as the managing partner of Ocean Max, LLC, when Appellant lawfully purchased, at a minimum, Mr. Hang's transferrable interest in the same?

6. Whether the trial court abused its discretion or committed an error of law by granting Appellee's preliminary objections to Appellant's fourth amended complaint, denying Appellant's claim that Appellee, the managing partner of Ocean Max, LLC, has a fiduciary duty to Appellant, a shareholder and interest holder of Ocean Max, LLC?

7. Whether the trial court abused its discretion or committed an error of law by granting Appellee's preliminary objections to Appellant's fourth amended complaint, by nothing in the January 3, 2023 order, given that a genuine issue of material fact exists, as the trial court itself admitted may exist, and thereafter denying Appellant the opportunity to litigate said fact(s) in court?

Appellant's Brief at 7-10.

All of Appellant's claims challenge the trial court's conclusion that Appellant lacked standing to sue Appellee.[1]  First, Appellant contends that it

---

[1] In his brief, Appellant also challenges Appellee's assertion that "the transaction between Mr. Hang and [Appellant was] void and that [Appellant] holds no interest, not even a transferrable interest, in Ocean Max." **See** Trial Ct. Order, 1/4/23, at 2.  However, the trial court's order did not rule on this issue, and declined to address Appellee's claim.  Therefore, although Appellee claims that Appellant's transaction with Mr. Hang was void, it did not affect the trial court's conclusions regarding standing.

has a membership interest in Ocean Max because the operating agreement between Appellee and Mr. Hang did not explicitly preclude the parties from transferring their respective membership interests to non-members. *Id.* at 19-33. Appellant further claims that, at a minimum, it retains Mr. Hang's transferable right in Ocean Max and is entitled to distributions, including a portion of a 2019 insurance payout made to the LLC. *See id.* at 28-33. Finally, Appellant contends that Appellee owes a fiduciary duty to Appellant, which has a "transferrable interest" and is a "shareholder and interest holder" in Ocean Max. *Id.* at 36-42.

This Court has explained:

We review an order sustaining preliminary objections seeking dismissal of an action *de novo*:

Our standard of review of an order of the trial court [ruling on] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Fiedler v. Spencer*, 231 A.3d 831, 835-36 (Pa. Super. 2020) (citations omitted). This Court will reverse the trial court's

- 6 -

decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the preliminary objections will result in the denial of claim or a dismissal of suit, the preliminary objections may be sustained only where the case is free and clear of doubt. **Hill v. Ofalt**, 85 A.3d 540, 547-548 (Pa. Super. 2014).

**Godlove v. Humes**, 303 A.3d 477, 480-81 (Pa. Super. 2023). Additionally, it is well settled that "[a] party seeking judicial resolution of a controversy in this Commonwealth must, as a prerequisite, establish that he has standing to maintain the action." **Nye v. Erie Ins. Exchange**, 470 A.2d 98, 100 (Pa. 1983).

Here, in sustaining Appellee's preliminary objections and dismissing Appellant's complaint, the trial court explained:

### A. As a Holder of, at Most, a Transferable Interest in Ocean Max, [Appellant] Has No Standing

LLCs are creatures of statute. Under the Pennsylvania Uniform Limited Liability Company Act of 2016 (the "Act"), 15 Pa. C.S. §§ 8811 *et seq.*,[fn1] the members of a LLC may set forth rules for the LLC's activities, governance, and membership in an operating agreement. 15 Pa.C.S. § 8815(a). If the operating agreement does not cover a particular matter, then the provisions of the Act control. 15 Pa.C.S. § 8815(b). As noted above, . . . Ocean Max's Operating Agreement has no provisions governing the transfer of membership interests; therefore, statutory provisions apply.

> [fn1] The Act governs all Pennsylvania LLCs, even those formed before the Act's adoption (as was Ocean Max). 15 Pa.C.S. § 8811(c). Even if the former LLC statute applied, however, the "pick your partner" rules underlying this Court's ruling would be the same. **See** 15 Pa.C.S. 8924 (repealed Feb. 21, 2017); **Zokaites v. Pittsburgh Irish Pubs**, LLC, 962 A.2d 1220, 1222-23 (Pa. Super. 2008).

These default statutory provisions codify "one of the most fundamental characteristics of limited liability company law . . . its fidelity to the 'pick your partner' principle." 15 Pa.C.S. § 8852,

- 7 -

Committee Comment. Under this principle, unless all other members consent, a[n] LLC member cannot transfer his membership rights and obligations to a third party. **Id.** The Act respects and enforces this principle by providing that "[a] person may not transfer to a person not a member any rights in a limited liability company other than a transferable interest." 15 Pa.C.S. § 8851. The Act defines a "transferable interest" as "[t]he right, as initially owned by a person in the person's capacity as a member, to receive distributions from a limited liability company, whether or not the person remains a member or continues to own any part of the right." 15 Pa.C.S. § 8812.

The Act further provides that a transferable interest

> does not entitle the transferee to: (i) participate in the management or conduct of the company's activities and affairs, or (ii) except as provided in subsection (c) [which entitles a transferee to an account of the company's transactions after a dissolution], have access to records or other information concerning the company's activities and affairs.

15 Pa.C.S. § 8852(a)(3). The Comments further explain just how limited the rights of a transferee, like [Appellant], are:

> [Section 8852] is the core of this chapter's provisions reflecting and protecting [the 'pick your partner'] principle. A member's rights in a limited liability company are bifurcated into economic rights (the transferable interest) and governance rights (including management rights, consent rights, rights to information, and rights to seek judicial intervention). Unless the operating agreement otherwise provides, a member acting without the consent of all other members lacks both the power and the right to: (i) bestow membership on a non-member; or (ii) transfer to a non-member anything other than some or all of the member's transferable interest. The rights of a mere transferee are quite limited-*i.e.*, to receive distributions as provided in subsection (b), and, if the company dissolves and winds up, to receive specified information pertaining to the company from the date of dissolution as provided in subsection (c). . . . **Mere transferees have no right to participate in management or otherwise intrude as the members carry on the affairs of the limited liability company and their activities as members.**

*Id.* Committee Comments (emphasis added).

The claims that [Appellant] purports to bring are all founded on its position that it purchased governance rights from Mr. Hang. Under the law, however, without [Appellee's] consent, no such purchase could take place. [Appellant] is at best a holder of a transferable interest, with a right to a share of future distributions (if any) and to a post-dissolution accounting (if and when dissolution occurs), and nothing more. Accordingly, [Appellant] had no standing to sue [Appellee].[fn2]

> [fn2] In its Motion for Reconsideration, [Appellant] argued that even as a mere transferee, [Appellant] was entitled to 50% of the alleged insurance proceeds from 2019, because those proceeds were a "distribution" that [Appellee] should have shared with Mr. Hang. Mem. of Law in Support of Motion for Reconsideration at 7-8. [Appellant's] fourth amended complaint did not include such a claim; therefore, the issue is not relevant to this appeal. Moreover, a transferable interest carries with it the right to share in future distributions, not to challenge the division of distributions that occurred years in the past. If Mr. Hang was shortchanged, as [Appellant] claims, that claim is Mr. Hang's to bring, not [Appellant's]. The Agreement between [Appellant] and Mr. Hang cannot be read to give [Appellant] any right to pursue claims for past distributions on Mr. Hang's behalf. Accordingly, even if [Appellant] had pled this claim, [Appellant] would lack standing.

## B. Even if [Appellant] Were a Member of Ocean Max, It Would Not Be Permitted to Bring Direct Claims Against [Appellee]

Even if [Appellant] could state any basis for concluding that it has a governance interest in Ocean Max, its claims would fail. The Act provides that a member of an LLC "may maintain a direct action against another member, a manager or the limited liability company to enforce the member's rights and protect the member's interests." 15 Pa.C.S. § 8881(a). The member must, however, "plead and prove an actual or threatened injury that is not solely the result of an injury suffered or threatened to be suffered by the limited liability company." *Id.* § 8881(b). [Appellant] alleges only that Ocean Max has been damaged and that [Appellant] has suffered as a result. Therefore, even if

> [Appellant] had standing, its Fourth Amended Complaint would not state a claim for relief.

Trial Ct. Op. at 6-8 (emphases in original, some formatting altered).

Following our review of the record, we discern no error of law or abuse of discretion by the trial court. *See Godlove*, 303 A.3d at 480-81. Accordingly, we affirm based on the trial court's opinion. *See* Trial Ct. Op. at 6-8. The trial court thoroughly explained its reasons for sustaining Appellee's preliminary objections and dismissing Appellant's complaint. *See* Trial Ct. Op. at 6-8. As noted by the trial court, because the Ocean Max operating agreement did not contain a provision authorizing the transfer of membership rights, Appellant's rights in the LLC are solely economic in nature. *See* 15 Pa. C.S. § 8852; *see also Zokaites*, 962 A.2d at 1224 (stating that "[s]ubject to a contrary operating agreement, a member can freely transfer only economic rights" to a non-member). Therefore, because Appellant retains, at most, an economic interest in the LLC, it does not have standing to sue Appellee. *See* 15 Pa. C.S. § 8881(a), (b) (reflecting that a **member** of an LLC may take direct action against another member upon proof of an "actual or threatened injury that is not solely the result of an injury suffered or threatened to be suffered by the limited liability company").

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/28/2024