J-S46016-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JAMYE N. LAROSE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL T. BERISH | : | No. 538 WDA 2024 |

Appeal from the Order Entered April 12, 2024
In the Court of Common Pleas of Fayette County Civil Division at No(s):
GD 1344 of 2023

BEFORE: LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED: January 29, 2025**

Jamye N. Larose ("Plaintiff") appeals from the order sustaining the preliminary objections filed by Samuel T. Berish ("Defendant") and dismissing Plaintiff's amended complaint with prejudice. We affirm.

The trial court summarized the background of this matter thusly:

Defendant hired Plaintiff to perform work on the roof of a home Defendant owned at 115 Washington St[reet] in Masontown, Pennsylvania. On August 12th, 2021, Plaintiff arrived at that location to perform the contracted work on the roof. Prior to his arrival, Defendant's son, Martin Berish, had placed a twenty-foot aluminum extension ladder on the premises for Plaintiff to use in performing the roof work. Plaintiff alleges that the ladder was placed on an unstable wooden block and that the ladder was placed against an unstable part of the roof. Around 10 a.m. that morning, Plaintiff was in the process of descending the ladder when the ladder "kicked out" from under Plaintiff, causing him to fall and sustain injuries.

Plaintiff filed the initial complaint on July 12th, 2023, raising a single count of negligence against Defendant. Defendant filed preliminary objections to the complaint under [Pa.R.Civ.P.]

1028(a)(4), for legal insufficiency of a pleading, which th[e c]ourt sustained with leave to amend, finding that Plaintiff had failed to allege sufficient facts to sustain a cause of action for negligence against Defendant. Plaintiff filed an amended complaint on November 3rd, 2023. The initial allegations of facts and Count I for negligence of the amended complaint appear nearly identical to those in the original complaint. The amended complaint then adds a second count against Defendant under the doctrine of *respondeat* superior. Defendant then filed preliminary objections to the amended complaint, again under [Rule] 1028(a)(4), for legal insufficiency of a pleading.

Trial Court Opinion, 4/12/24, at 1-2 (cleaned up, footnote omitted).

Following briefing from the parties, the trial court entered an order sustaining the preliminary objections and dismissing the amended complaint with prejudice. This timely appeal followed. Both Plaintiff and the trial court complied with Pa.R.A.P. 1925. Plaintiff presents two issues for our review:

1. Whether the trial court erred in finding that the hazard of the ladder was open and obvious?

2. Whether the trial court erred [in] determining [that Plaintiff]'s claims are barred under the doctrine of assumption of risk when such a determination should have been sent for jury determination under the doctrine of comparative negligence?

Plaintiff's brief at 8.

We begin with the applicable principles of law:

Our standard of review of an order of the trial court . . . sustaining preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings

- 2 -

are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

***Godlove v. Humes***, 303 A.3d 477, 480-81 (Pa.Super. 2023) (cleaned up).

The first count in Plaintiff's amended complaint asserted a cause of action for negligence. To meet his burden, a plaintiff must prove the following elements:

(1) a duty or obligation recognized by the law that requires an actor to conform his actions to a standard of conduct for the protection of others against unreasonable risks; (2) failure on the part of the defendant to conform to that standard of conduct, *i.e.*, a breach of duty; (3) a reasonably close causal connection between the breach of duty and the injury sustained; and (4) actual loss or damages that result from the breach.

***Constantine v. Lennox Instrument Company, Inc.***, 325 A.3d 725, 738 (Pa.Super. 2024) (citation omitted).

The second count in the amended complaint alleged that Defendant was responsible for the negligent actions of his son under a theory of *respondeat* superior. This doctrine entails that "[a] master is liable for the acts of his servant that are committed during the course of and within the scope of the servant's employment." ***Spitsin v. WGM Transp., Inc.***, 97 A.3d 774, 776 (Pa.Super. 2014) (citing the Restatement (Second) of Agency). Critically, however, "it is clear that if an [agent] was found to not have been negligent, that his employer could not be held negligent under the doctrine of *respondeat*

superior." ***Keffer v. Bob Nolan's Auto Service, Inc.***, 59 A.3d 621, 638 (Pa.Super. 2012) (italics added, citation omitted). Thus, Plaintiff's *respondeat* superior claim relies upon a finding that Defendant's son, as an agent on behalf of Defendant, was negligent.

We first consider to what extent Defendant owed a duty to Plaintiff. Defendant does not dispute that through the act of hiring Plaintiff to perform work on his property, Plaintiff was a business invitee. ***See***, ***e.g.***, Defendant's brief at 15 (discussing case law applicable to business invitees). Our case law has clarified that employees of contractors are "business visitors," which our law has treated synonymously with "business invitees." ***See Gutteridge v. A.P. Green Services, Inc.***, 804 A.2d 643, 655-56 (Pa.Super. 2002). This means that the duty of care Defendant owed to Plaintiff was the "highest duty owed to any entrant upon land." ***Id***. at 656 (citation omitted). Therefore, Plaintiff "was not required to be on alert to discover defects **which were not obvious**." ***Walker v. Drexel Univ.***, 971 A.2d 521, 524 (Pa.Super. 2009) (cleaned up, emphasis added).

In that vein, the Restatement (Second) of Torts provides as follows:

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
> >
> > (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

> (c) fails to exercise reasonable care to protect them against
> the danger.

Restatement (Second) of Torts § 343.

Nonetheless, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness." Restatement (Second) of Torts § 343A(1). The following comments to § 343A additionally clarify this duty:

> b. The word "known" denotes not only knowledge of the existence of the condition or activity itself, but also appreciation of the danger it involves. Thus[,] the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated. "Obvious" means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.
>
> . . . .
>
> f. There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.
>
> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it. Such reason may

- 5 -

also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.

Restatement (Second) of Torts § 343A, cmts. b, f (citations omitted). *See also Robinson v. Seven Springs Mountain Resort, Inc.*, 323 A.3d 202, 2024 WL 2955263, at *4-5 (Pa.Super. 2024) (non-precedential decision) (interpreting comments b and f of § 343A and applying them to a situation wherein the plaintiff alleged that she fractured her ankle after falling on a steep slope while playing disc golf).

Finally, our High Court has recounted that "[a]lthough the question of whether a danger was known or obvious is usually a question of fact for the jury, the question may be decided by the court where reasonable minds could not differ as to the conclusion." *Carrender v. Fitterer*, 469 A.2d 120, 124 (Pa. 1983) (citing Restatement (Second) of Torts § 328B, cmts. c, d).

With this background in mind, we return to Plaintiff's first claim on appeal, that the court erred in finding that the hazard as to the positioning of the ladder in question was "open and obvious." Plaintiff highlights that as a business invitee, he was owed the highest duty of care by Defendant and his son. *See* Plaintiff's brief at 14. He claims that in sustaining Defendant's preliminary objections, the court "mistakenly assumed that, given [Plaintiff's] experience, once [he] has used the ladder [by ascending it], he would be in

the same position as [Defendant]'s son to evaluate the condition of the ladder." *Id*. at 16. Plaintiff contends that he relied upon the assumption that the area was safe, since Defendant's son placed the ladder against the house. *Id*. He argues that reasonable minds could in fact differ as to "whether the threat of the ladder was open and obvious." *Id*. at 17. Plaintiff further maintains that a jury could find that by placing the ladder in an unstable manner, Defendant's son violated the high duty of exercising reasonable care, thus rendering Defendant liable via *respondeat* superior. *Id*. at 17-18. This in turn creates enough doubt to warrant overruling the preliminary objections and allowing the case to proceed. *Id*. at 18.

In rejecting Plaintiff's position, the trial court found that any danger arising from the placement of the ladder was both open and obvious to Plaintiff, a person contracted to perform roofing work, and that Defendant therefore lacked a cognizable duty to warn Plaintiff of any potential danger. It analyzed thusly:

> Residential roofing contractors regularly use ladders as part of their work and would be expected to have more expertise than a homeowner as to how to set up a ladder for safe use when repairing a roof. A ladder perched on a block of wood could be used safely by someone carrying a light load and maintaining careful balance, but that ladder could also be unsafe under the opposite conditions. Plaintiff encountered the ladder as it had been set up by Defendant's son and felt comfortable enough to use the ladder as he found it. Even if the exercise of reasonable care required Defendant or his son to inspect the ladder, there is nothing in the amended complaint to suggest that they were in a better position than Plaintiff to discover that the ladder posed a dangerous condition. If placing a ladder on a block of wood is

unsafe, it is also open and obvious, especially to a professional who regularly uses ladders in his daily work.

Even when viewed in the light most favorable to Plaintiff, the facts pled are legally insufficient to establish a right to relief. Plaintiff has already had an opportunity to amend his pleading in response to a preliminary objection for legal insufficiency and has added no further averments that would overcome this issue.

Trial Court Opinion, 4/12/24, at 7 (some capitalization altered).

For his part, Defendant agrees that any hazard here would have been obvious to Plaintiff. He argues:

[T]he allegedly negligent placement of the ladder on a block of wood was open, obvious[,] and ascertainable by the most casual observation. Plaintiff, a roofer, could have easily made an inspection to determine whether the ladder had been properly placed. [Defendant] had the duty only to abate or warn of **latent** preexisting defects that he knew of or which he should have been aware and which [P]laintiff was unlikely to discover. . . . [Defendant] had no superior knowledge. Indeed[,] the allegedly improperly placed block of wood cannot be characterized as latent. If it was uneven or not level, its position was apparent for everyone to see.

Defendant's brief at 12-13 (quotation marks omitted, emphasis in original).

Defendant further asserts that Plaintiff had the opportunity to adjust the ladder as he saw fit, as any professional would do if it had not been set up in a satisfactory manner. *Id*. at 14.

Upon review, we conclude that the court did not err in dismissing the amended complaint because "it is clear and free from doubt that [Plaintiff] will be unable to prove facts legally sufficient to establish the right to relief." *Godlove*, 303 A.3d at 481. To begin, "reasonable minds could not differ as to the conclusion" that the positioning of a ladder on an unstable piece of wood

to be used to ascend to a building roof presents a potential condition that is both open and obvious. *See Carrender*, 469 A.2d at 124. This is especially true as to Plaintiff, a person contracted to perform roof work whose task at the house necessarily entailed utilizing a ladder to perform his duties. *See*, *e.g.*, *Palenscar v. Michael J. Bobb, Inc.*, 266 A.2d 478, 481 (Pa. 1970) ("As an exception to the general rule requiring the owner or occupier of premises . . . to furnish a safe place of work to an independent contractor . . ., the owner or occupier is under no duty to protect [the contractor] against risks arising from or intimately connected with defects of the premises which the contractor has undertaken to repair." (citation omitted)).

The amended complaint did not identify that Plaintiff was unable to see where the ladder was positioned or that it was the only means available to ascend to the roof. There is likewise no allegation that the ladder itself was defective in any way. Rather, Plaintiff's contention of negligence is limited to the placement of the ladder, something he had control of and the ability to assess before climbing. *Cf. Mammoccio v. 1818 Market Partnership*, 734 A.2d 23, 34 (Pa.Super. 1999) (holding that a jury could conclude that the owner of premises is liable when a contractor was injured while using an inherently defective ladder within an elevator shaft when the contractor had no other means of accessing the area needed to complete the work).

Further, Plaintiff has not convinced us that this is a scenario where Defendant retained a duty to warn of the danger relating to the positioning of the ladder, despite its obvious nature, because Defendant had "reason to

expect that [Plaintiff] will nevertheless suffer physical harm." Restatement (Second) of Torts § 343A, cmt. f. For example, Plaintiff did not plead that he was distracted or in a situation where he would forget the dangers springing from climbing a twenty-foot ladder. The amended complaint likewise did not aver that either Defendant or his son represented that the ladder was placed securely or must be used to complete the work. Plaintiff instead chose to use it without taking any steps to otherwise ensure its safe settlement.

In short, the facts as alleged cannot demonstrate that Defendant had a duty to warn Plaintiff as to any dangerous condition arising from the position of the ladder. *See*, *e.g.*, *Hotchkin v. Erdrich*, 63 A. 1035, 1036 (Pa. 1906) (concluding that the trial court did not err in granting nonsuit in favor of the defending premises owner when the plaintiff, a chimney repairman, was injured while using a ladder that he was neither instructed nor ordered to use, but nevertheless chose to ascend). Hence, the counts for both negligence and *respondeat* superior necessarily fail.

In his remaining claim, Plaintiff asserts that the court erred in applying the doctrine of assumption of the risk to conclude that Defendant's preliminary objections should be sustained. We need not address this claim as, assuming the court did so hold, that was simply an alternative basis for concluding that Plaintiff's counts in the amended complaint must fail. Since we have already found that Defendant did not have a duty to warn Plaintiff of an open and obvious risk that he knowingly encountered, we may affirm the order in question on that basis alone.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 1/29/2025