J-S05012-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TODD SIITONEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARINE CLUB ASSOCIATES, LLC | : | No. 1638 EDA 2024 |

Appeal from the Order Entered May 28, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 240202845

BEFORE: BOWES, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.: **FILED MARCH 5, 2025**

Todd Siitonen ("Plaintiff") appeals from the order sustaining the preliminary objections filed by Marine Club Associates, LLC ("Defendant") and dismissing Plaintiff's amended complaint with prejudice. We reverse and remand for further proceedings.

The trial court summarized the background of this matter thusly:

> Plaintiff's claim arises out of [Defendant's] alleged violations of the Philadelphia Lead Paint Disclosure and Certification Law (hereinafter, "LPDCL"). Plaintiff alleged that he entered into a written lease agreement with Defendant on November 1, 2010 and has continued to reside at Defendant's property since the original lease[, which has been renewed several times since then]. Plaintiff claims that Defendant failed to comply with the 2020 amendments to the LPDCL by April 1, 2022 by not providing Plaintiff with a valid lead paint certification. The amended complaint seeks damages for the period of time from April 1, 2022, through April 2024.

_____

* Former Justice specially assigned to the Superior Court.

Defendant filed preliminary objections in the nature of a demurrer to Plaintiff's amended complaint on April 10, 2024. Defendant's preliminary objections a[sserted] that Plaintiff's amended complaint failed to state a valid claim for violation of [the LPDCL, contending, *inter alia*, that the count must fail because (1) the ordinance only applied to situations where children under six years old resided on the rental property, (2) renewal leases did not fall within the purview of the LPDCL, and (3) Plaintiff failed to provide notice to Defendant before filing suit, as required by law]. Th[e c]ourt sustained Defendant's preliminary objections on May 28, 2024 [and dismissed the complaint with prejudice].

Trial Court Opinion, 8/15/24, at 1-2 (cleaned up).

Plaintiff thereafter filed a timely appeal. The record does not reflect that the trial court ordered Plaintiff to file a statement of errors pursuant to Pa.R.A.P. 1925(b), and none was filed. The court authored a Rule 1925(a) opinion wherein it acknowledged committing an error of law by sustaining the preliminary objections and requested that we remand the matter. ***Id***. at 3. As will be discussed in more detail below, Defendant filed a brief in this Court advocating that we nonetheless affirm the court's decision.

Plaintiff presents two issues for our review:

1.      Did the trial court commit an error of law in determining that [Plaintiff] failed to state a valid claim under the Philadelphia LPDCL where the claims were based on the most recent amendments to the law, which expressly apply to all rental properties built before 1978, including those where children six years old or younger will not reside, expressly apply to renewal leases, and don't require a [ten]-day written notice before filing suit?

2.      Did the trial court commit an error of law in granting a demurrer pursuant to Pa.R.Civ.P. 1019(i) based on [Plaintiff]'s failure to attach the original or renewal leases to the amended complaint, where Plaintiff's claims were not

- 2 -

based on breach of [the lease] agreements or a writing but instead were based on a violation of the LPDCL?

Plaintiff's brief at 3 (cleaned up).

We begin with the applicable principles of law:

Our standard of review of an order of the trial court . . . sustaining preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Godlove v. Humes*, 303 A.3d 477, 480-81 (Pa.Super. 2023) (cleaned up).

The amended complaint set forth a single claim of violation of the Philadelphia LPDCL ordinance. "An ordinance, like a statute, must be construed, if possible to give effect to all of its provisions." *Hand v. Fuller*, 294 A.3d 468, 473 (Pa.Super. 2023) (citation omitted). Plaintiff specifically alleged that Defendant violated the following section of the LPDCL:

(3) Rental Protections.

(a) No rental license . . . shall be issued or renewed to a lessor with respect to any Targeted Housing, and no lessor shall enter into a lease agreement with a lessee to rent any Targeted Housing, or a unit in such Targeted Housing, unless (.1) he or she provides the lessee with a valid certification prepared by a certified lead inspector stating

- 3 -

that the property is either lead free or lead safe; (.2) the lessee acknowledges receipt of the certification by signing a copy; (.3) the lessor has provided to the Department of Public Health a copy of such certification. **For purposes of this subsection (a), a lease agreement shall include a renewal of a lease agreement**, including an automatic renewal, provided that, no certification shall be required upon renewal of a lease if a prior certification provided to the lessee remains valid, as provided for at subsection 6-802(15).

Phila. Code § 6-803(3) (emphasis added). In turn, "Targeted Housing" is defined as "property built before March 1978 (even if renovated thereafter) that is currently used as housing, but excluding: dwelling units developed by or for an educational institution for the exclusive residential use and occupancy by that institution's students, where non-student family members are not permitted to reside." *Id*. at § 6-802(14). Finally, the LPDCL provides that in the event of a violation of § 6-803(3), a harmed party may obtain, among other things, reimbursement of rent paid during the period of noncompliance and attorneys' fees. *Id*. at § 6-809(3).

In his first issue on appeal, Plaintiff argues that the amended complaint set forth a valid cause of action of a violation of the LPDCL, and therefore the court correctly recognized that it erred in dismissing the suit. *See* Plaintiff's brief at 14-19. He recounts that in the amended complaint, he alleged that the leased premises satisfied the definition of "Targeted Housing" and that Defendant did not provide him with a certificate indicating that the property was lead-free. *Id*. at 16. Plaintiff contends that when this is accepted as true, the allegations satisfy Pennsylvania's fact pleading requirements. *Id*. He

additionally maintains that the arguments raised by Defendant in its preliminary objections are not applicable in light of amendments made to the LPDCL in 2020. This includes the position that the LPDCL does not apply unless there is a child under six years of age living in the residence, when written notice is not provided before filing a complaint, or to renewal leases. *Id*. at 14-15.

In its opinion requesting remand, the trial court articulated as follows:

> While renewal leases were exempt from the disclosure requirements of older editions of Philadelphia's LPDCL, the 2020 amendment "mandates the disclosure requirements for both new and renewal leases." The amended LPDCL also required a lessor's compliance according to a schedule, regardless of whether or not a child under the age of six resided on the property. The amended LPDCL requires a lessor to (1) obtain a valid certification prepared by a certif[ied] lead inspector, (2) have the lessee acknowledge receipt of the certificate by signing it, and (3) provide a copy of the certificate to the Department of Public Health. Accepting the allegations in Plaintiff's amended complaint as true, Defendant failed to comply with the LPDCL by [not] providing Plaintiff with a valid certification.

Trial Court Opinion, 8/15/24, at 2 (some capitalization altered).

Upon review, we agree with the trial court that it erred in sustaining Defendant's preliminary objections. As the court noted, the amended complaint averred that Defendant failed to obtain a certificate, have Plaintiff acknowledge receipt of the certificate, or provide a copy of it to the appropriate local department. *See* Phila. Code § 6-803(3). When deciding whether to grant a demurrer, the court was required to accept those facts as true. *See* *Godlove*, 303 A.3d at 481. Therefore, the face of the complaint set forth a

legally sufficient cause of action. Further, to the extent that the court relied upon arguments raised by Defendant in its preliminary objections that cited an older version of the LPDCL, this was erroneous. Plaintiff's cause of action averred that Defendant engaged in violations in 2022 through 2024 arising from a renewal lease, all occurring after the 2020 amendment to the LPDCL.

However, that does not end our analysis. In its brief to this Court, Defendant proffers six reasons as to why we should affirm the trial court's decision to sustain its preliminary objections. We reject each in turn.

Defendant first argues that the purpose of the LPDCL is to protect children from lead paint exposure in rental properties, which did not apply here since Plaintiff did not allege that any children lived on property. Defendant likewise laments that Plaintiff never filed suit for violation of the ordinance in the prior fifteen years he resided in the apartment, and accuses him of filing suit now only because the 2020 amendment to the LPDCL broadened its scope. **See** Defendant's brief at unnumbered 18-21. These contentions ask us to ignore the plain language of the ordinance in order to pursue its spirit. That we will not do. **See Crown Castle NG East LLC v. Pennsylvania Public Utility Commission**, 234 A.3d 665, 688 (Pa. 2020) ("When statutory language is clear and unambiguous, courts must give effect to the words of the statute and must not disregard the text to implement its objective." (citation omitted)). This is especially true when the question before us is simply whether the complaint pled facts sufficient to endure a demurrer.

In the next three arguments, Defendant contends that dismissal was proper because (1) the residence in question was objectively safe since Defendant had a certification, which was provided to Plaintiff's counsel after the suit was filed; (2) allowing the case to proceed will "open the floodgates" to abusive litigation from tenants who are "gaming the system"; and (3) Plaintiff released Defendant from any liability pursuant to an express term in the lease agreement. *Id*. at unnumbered 20-27, 29-32. However, these are, at best, affirmative defenses to the amended complaint or otherwise public policy arguments that have no bearing as to whether the complaint is facially adequate. *See*, *e.g.*, Pa.R.Civ.P. 1030(a) (specifically identifying release as an affirmative defense that "shall be pleaded in a responsive pleading under the heading 'New Matter'"). Accordingly, they are not an appropriate basis to sustain a demurrer through preliminary objections.

Finally, Defendant contends that the trial court correctly dismissed the complaint since Plaintiff sued the wrong entity and because Philadelphia's municipal court, and not the court of common pleas, had exclusive jurisdiction over this matter. *Id*. at unnumbered 16-18, 27-28. We note that neither of these claims was included in the preliminary objections filed in the trial court. It is clear from the record that the court did not have the opportunity to consider these arguments and it did not rely upon them as a reason for sustaining a demurrer. Moreover, there is no record developed as to these claims. We therefore may not consider them now. *See*, *e.g.*, *Kennedy v Crothall Healthcare, Inc.*, 321 A.3d 1065, 1072 (Pa.Super. 2024)

("Requiring issues to be properly raised first in the trial court ensures that trial judges have the opportunity to consider a potential appellate issue and correct any error at the first available opportunity.").

For the above reasons, we find that the trial court erred in dismissing Plaintiff's complaint for failure to state a cause of action.

In Plaintiff's second issue on appeal, he asserts that the court similarly erred in sustaining Defendant's preliminary objections pursuant to Pa.R.Civ.P. 1019(i) for failure to attach a copy of the lease. *See* Plaintiff's brief at 19-22. We note that while the trial court cited this rule in its order dismissing the amended complaint, it did not expressly discuss its applicability within its opinion. The court nonetheless requested that we remand the matter in total, thereby implicitly determining that it erroneously granted relief to Defendant for this reason as well.

The relevant portion of Rule 1019 states:

When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to the pleader, it is sufficient so to state, together with the reason, and to set forth the substance of the writing.

Pa.R.Civ.P. 1019(i).

Our review of the amended complaint confirms that Plaintiff asserted that he entered into a written lease with Defendant in 2010, but that it was not available to be attached because Defendant is in possession of the same. *See* Complaint, 4/3/24, at ¶ 4. The complaint then goes on to identify pertinent terms of the lease, as well as include as an exhibit the most recent

- 8 -

lease renewal notice for year 2023. *Id*. at ¶¶ 5-10, Exhibit B. We are satisfied that this comports with Pa.R.Civ.P. 1019(i). Tellingly, Defendant proffers no argument to the contrary in its brief. We therefore conclude that the court erred in sustaining Defendant's preliminary objections on this basis.

In sum, we reverse the order sustaining Defendant's preliminary objections and dismissing Plaintiff's amended complaint and remand for further proceedings.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/5/2025