J-A18017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| IN RE: ESTATE OF: ROBERT TORRENS, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| APPEAL OF: NANCY H. TORRENS | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 2708 EDA 2024 |

Appeal from the Decree Entered September 18, 2024
In the Court of Common Pleas of Delaware County Orphans' Court at
No(s):  0292-2021-O

BEFORE:  OLSON, J., DUBOW, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED SEPTEMBER 11, 2025**

Nancy H. Torrens ("Torrens") appeals from the decree entered by the Delaware County Court of Common Pleas Orphans' Court ("orphans' court") sustaining the preliminary objections of Stephen Carroll, Esquire ("Carroll"), Donald W. Torrens ("Mr. Torrens"), and Stefanie Davis ("Davis") (collectively "Respondents") to Torrens' petition for citation to show cause why the admission of the will of Robert W. Torrens ("Decedent") should not be revoked ("Petition to Revoke").  Torrens argues that the orphan's court erred in determining that her challenge to Decedent's will was time barred under 20 Pa.C.S. § 908(a).  As we agree with the orphans' court that Torrens' challenge to Decedent's will violates the statute of limitations, we affirm.

On January 10, 2008, the orphans' court issued a decree adjudicating Decedent an incapacitated person who was unable to manage his personal

and financial affairs. The decree appointed Carroll guardian of his estate and Torrens guardian of Decedent's person. On June 18, 2010, Decedent executed a last will and testament in which he made specific monetary bequests to his parents and siblings, and left the residuary of his estate to his four children. The will also named Decedent's father, Mr. Torrens, executor and his daughter, Davis, as the successor executrix in the event Mr. Torrens was unable to serve as executor of the estate. Decedent's will made no provision for Torrens. In the intervening years, Decedent and Torrens entered into divorce proceedings, which resulted in a property settlement agreement on September 14, 2017. It is unclear from the record whether the divorce was ever finalized.

Decedent died on February 8, 2021. Carroll submitted Decedent's will to probate with the Delaware County Register of Wills ("register of wills") on March 10, 2021. The register of wills subsequently admitted Decedent's will to probate and appointed Mr. Torrens executor of Decedent's estate.

On July 21, 2021, Torrens filed a petition to audit Decedent's estate in which she alleged, inter alia, that she was legally Decedent's wife at the time of his death and that Carroll had been mismanaging Decedent's estate as its guardian prior to Decedent's death. *See* Petition to Audit Estate, 7/21/2021, ¶¶ 1, 9, 11. In addition to an independent audit of Decedent's estate, Torrens sought, inter alia, a decree that Decedent's will was null and void, the award of the entirety of Decedent's estate, and the removal of Mr. Torrens as

- 2 -

executor. *See id.* ¶ 14. On August 23, 2021, Torrens filed an emergency petition in which she again alleged that she and Decedent never finalized their divorce, and that she was "erroneously and particularly excluded from inheriting" Decedent's estate. Emergency Petition, 8/23/2021, ¶¶ 4, 7. Consequently, the orphans' court entered a decree staying the probate of Decedent's estate. Torrens filed a second emergency petition on September 3, 2021, in which she raised allegations similar to those in her first emergency petition and again accused Carroll of mismanaging Decedent's estate. *See* Emergency Petition, 9/3/2021. Carroll filed preliminary objections to Torrens' various petitions. On October 29, 2021, the orphans' court entered a decree sustaining Carroll's preliminary objections and dismissing with prejudice Torrens' petition to audit Decedent's estate and both emergency petitions.

On July 22, 2022, Torrens filed a petition for hearing in which she once again asserted that Decedent had erroneously excluded her from his will. Petition for a Hearing, 7/22/2022, ¶ 16. Torrens further asserted that Decedent was not of "sound mind" to properly execute a will and stated that she intended to file a formal challenge contesting the validity of Decedent's will and its admission to probate. *Id.* ¶¶ 17-20.

On October 3, 2023, Carroll again submitted Decedent's will to probate, but this time requested that Davis be substituted for Mr. Torrens as successor executrix of Decedent's estate. The register of wills once again admitted Decedent's will for probate and appointed Davis as executrix.

On January 25, 2024, Torrens filed her Petition to Revoke. She filed amended Petitions to Revoke on March 4, 2024, and April 15, 2024. Torrens alleged that both the property settlement agreement relating to the dissolution of her marriage to Decedent and Decedent's will were legal nullities because Decedent lacked the capacity to execute either document. *See* Second Amended Petition to Revoke, 4/15/2024, ¶¶ 50, 52, 59. Torrens maintained that Carroll had committed fraud on the register of wills because he submitted a will to probate that Decedent had signed even though Carroll was aware that Decedent was an incapacitated person incapable of executing a written instrument. *See id.* ¶¶ 56-57. Thus, Torrens contended that her petition challenging the admission of Decedent's will to probate was not subject to the one-year statute of limitations for such petitions under 20 Pa.C.S. § 908(a). *See* Second Amended Petition to Revoke, 4/15/2024, ¶ 58. Respondents filed preliminary objections in which they asserted, inter alia, that Torrens' challenge to Decedent's will was time barred by the one-year statute of limitations under section 908(a).

On September 18, 2024, following a hearing on Torrens' Petition to Revoke and Respondents' preliminary objections, the orphans' court entered a decree sustaining Respondents' preliminary objection regarding the statute of limitations and dismissing Torrens' petition with prejudice. Torrens timely appealed to this Court. Both Torrens and the orphans' court have complied

with Pennsylvania Rule of Appellate Procedure 1925. Torrens presents the following issues for review:

A. Did the [orphans' court], in granting the preliminary objections demurring to [Torrens' Petition to Revoke] and dismissing with prejudice the petition, abuse its discretion and commit error as a matter of law, in reliance upon documents attached to the preliminary objections and in finding that when Torrens learned she had been injured by her disinheritance was the same as when she learned the cause of her injury?

B. Did the [orphans' court] abuse [its] discretion and commit error as a matter of law in determining the question of fact when Torrens knew or should have known the cause of her injury?

C. Did the [orphans' court] have subject matter jurisdiction of Torrens' petition when it failed to issue a citation?

Torrens' Brief at 4 (unnecessary capitalization omitted).

As Torrens' first and second issues are related, we address them together. Torrens argues that the orphans' court erred in sustaining Respondents' preliminary objection and finding that she failed to raise a claim upon which relief could be granted because her claim that Decedent's will was invalid was barred by the statute of limitations. *See id.* at 16-23. Torrens asserts that her claim regarding the validity of Decedent's will was not time barred because Carroll had committed fraud on the register of wills by submitting Decedent's will to probate knowing that the orphans' court had adjudicated Decedent a totally incapacitated person that was incapable of executing a written instrument. *See id.* She baldly contends that she could not have sooner contested Decedent's will and that it is a question of fact as to when she knew or should have known that Decedent's will was invalid. *See*

- 5 -

*id.* at 32-36. Torrens further asserts that the orphans' court, in reaching its decision to sustain Respondents' preliminary objection regarding the statute of limitations, improperly relied on documents that Respondents submitted with their filing. *See id.* at 23-30. Torrens argues that the orphans' court could only rely on facts she admitted in her Petition to Revoke. *See id.*

In reviewing a trial court's grant of preliminary objections, the standard of review is de novo and the scope of review is plenary. *Caltagirone v. Cephalon, Inc.*, 190 A.3d 596, 599 (Pa. Super. 2018). "Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." *Id.* (citation omitted).

> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.
>
> This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion.

*Godlove v. Humes*, 303 A.3d 477, 481 (Pa. Super. 2023) (citations omitted).

Section 908(a) of the Probate, Estates and Fiduciaries Code states:

> Any party in interest seeking to challenge the probate of a will or who is otherwise aggrieved by a decree of the register, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom to the court within one year of the decree: Provided, That the executor designated in an instrument shall not by virtue of such designation be deemed a party in interest who may appeal from a decree refusing probate of it. The court, upon petition of a party in interest, may limit the time for appeal to three months.

20 Pa.C.S. § 908(a).

The record reflects that the register of wills admitted Decedent's will to probate on March 10, 2021, almost three years before Torrens filed her Petition to Revoke Decedent's Will on January 25, 2024. *See* Second Amended Petition to Revoke, 4/15/2024, ¶ 24. Torrens never appealed the admission of Decedent's will to probate in the years that followed. The record further reflects that in the intervening years, although she never contested Decedent's will, Torrens filed various petitions relating to Carroll's guardianship of Decedent's estate and her exclusion from Decedent's will. Throughout each of these various filings, Torrens frequently acknowledged Decedent's incapacity dating back to 2008, the terms of Decedent's will, its admission to probate, and her exclusion from the will.

For example, in her petition to audit Decedent's estate, which she filed on July 21, 2021, Torrens acknowledged that she was aware Mr. Torrens was the executor of Decedent's estate and that she was familiar with various terms of Decedent's will. *See* Petition to Audit Decedent's Estate, 7/21/2021, ¶¶ 5, 9-10. Similarly, in her first and second emergency petitions, which she filed in August and September 2021, Torrens alleged that she was "erroneously

- 7 -

and particularly excluded from inheriting from Decedent's Last Will and Testament." **See** First Emergency Petition, 8/23/2021, ¶ 6; Second Emergency Petition, 9/3/2021, ¶ 8. In none of these filings, however, did Torrens ever contest the validity of Decedent's will.

Furthermore, on July 22, 2022, sixteen months after the admission of Decedent's will to probate, Torrens filed a petition for a hearing in which she again acknowledged the terms of Decedent's will, as well as Decedent's incapacity. **See** Petition for a Hearing, 7/22/2022, ¶¶ 15-18. She also alleged in this petition that Decedent was not of "sound mind," and thus incapable of executing a last will and testament. **See id.** ¶¶ 18-19. Torrens even stated that she intended to file a formal challenge to Decedent's will. **Id.** ¶ 20. Despite expressly claiming the invalidity of Decedent's will in the petition for a hearing, Torrens did not file an actual challenge to Decedent's will and attempt to revoke its admission from probate until January 25, 2024.

Even if we accepted as true Torrens' claim that Carroll committed fraud upon the register of wills by submitting Decedent's will to probate when Decedent lacked testamentary capacity to execute a last will and testament, it would not provide a basis to avoid the statutory time bar of section 908. The facts of record—including Torrens' own admissions in her petitions and pleadings—reveal that Torrens knew that Decedent had been declared incapacitated in 2008, as she admits in her appellate brief the orphans' court named her the guardian of Decedent's person at that time. Torrens' Brief at

8. She has also asserted throughout her various filings that Decedent lacked the capacity to execute a will. *See, e.g.*, Petition for a Hearing, 7/22/2022, ¶¶ 18-19. Torrens' claim that, until recently, she lacked the knowledge that Carroll submitted Decedent's allegedly invalid will for probate is entirely belied by the record, as such a claim contradicts all her previous petitions and pleadings that she has filed and admissions that she has made throughout the entirety of this case.

We also find unavailing Torrens' claim that the orphans' court impermissibly relied on the documents that were not appended to her Petition to Revoke. *See* Torrens' Brief at 29. It is true that "[p]reliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings" and that "no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." *Caltagirone*, 190 A.3d at 599. However, Torrens cites nothing that would support the proposition that the orphans' court should have ignored Torrens' own filings and admissions, all of which are of record in this matter, simply because Respondents filed preliminary objections.

The orphans' court did nothing more than rely on the existing record in reaching its decision. Thus, the orphans' court plainly did not err in considering these documents in sustaining Respondents' preliminary objection relating to the time bar of section 908(a), and Torrens' argument to the contrary is meritless.

Accordingly, we conclude that the orphans' court did not err in determining that her challenge to the validity of Decedent's will and its admission to probate is time barred pursuant to section 908(a). Her first and second issues therefore do not entitle her to relief.

In her third issue, Torrens argues that the orphans' court lacked subject matter jurisdiction to dispose of the Petition to Revoke because the court did not issue citations to several beneficiaries of Decedent's will. Torrens' Brief at 36-39. Pennsylvania Orphans' Court Rule 3.5 states, in pertinent part, as follows:

> When personal jurisdiction is required and has not previously been obtained or conferred by statute, or when a citation is otherwise required by statute, the petition shall include a preliminary decree for the issuance of a citation to those interested parties for whom a citation is necessary to show cause why the relief requested in the petition should not be granted.

Pa.O.C.R. 3.5(a)(1).

Although Torrens purports to raise an issue of subject matter jurisdiction, she has, in fact, raised an issue of personal jurisdiction. Indeed, section 764 of the Probate, Estates and Fiduciaries Code provides, in pertinent part that "[j]urisdiction of the person shall be obtained by citation to be awarded by the orphans' court division upon application of any party in interest." 20 Pa.C.S. § 764. Thus, pursuant to section 764, matters relating to the issuance of citations are issues of personal jurisdiction, not subject matter jurisdiction. *See id.*

Therefore, the issue that Torrens in fact raises is that because her Petition to Revoke included a decree under Rule 3.5(a)(1) for the issuance of citations and the orphans' court never issued citations to several beneficiaries of Decedent's will, the court lacked personal jurisdiction to settle claims against those who were not parties to the proceedings. **See** Torrens' Brief at 37-38; **see also In re Miller's Estate**, 28 A. 441, 441-42 (Pa. 1894) (holding that where the heirs of a decedent are not voluntarily parties to an issue regarding the validity of a will, or have not been brought into a will dispute by citation, the orphans' court has no jurisdiction to settle the validity of the will against the heirs that were not parties to the proceedings). As the orphans' court observes, however, Torrens failed to raise this claim at any point prior to filing her notice of appeal and has therefore waived the issue. **See** Orphans' Court Opinion, 1/23/2025, at 12-13; **see also** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").[1]

Torrens intentionally attempts to conflate the orphans' court's subject matter jurisdiction with a question of personal jurisdiction because issues of subject matter jurisdiction are not waivable.[2] **See Roman v. McGuire**

---

[1] Additionally, we note that the orphans' court did not decide any claims or issues **against** any beneficiaries of Decedent's will.

[2] Indeed, Torrens raised this precise argument in her Rule 1925(b) statement as a question of personal jurisdiction. **See** Rule 1925(b) Statement, ¶ 5. She
*(Footnote Continued Next Page)*

***Mem'l***, 127 A.3d 26, 31 (Pa. Super. 2015) (stating that issues of "subject matter jurisdiction is non-waivable and can be raised at any time, by any party, and by a court sua sponte"). "Subject matter jurisdiction relates to the competency of a court to hear and decide the type of controversy presented." ***Yoder v. McCarthy Constr., Inc.***, 291 A.3d 1, 11 (Pa. Super. 2023) (citation omitted). "By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought[.]" ***Id.*** (citation omitted). Section 711, subsections (1) and (18) of the Probate, Estates and Fiduciaries Code, expressly state that an orphans' court has subject matter jurisdiction over the administration and distribution of a decedent's estate and appeals from registers. 20 Pa.C.S. § 711(1), (18). Thus, an orphans' court has jurisdiction over a challenge to a will's validity and its admission to probate. ***See id.*** The question of whether the orphans' court should have revoked the admission of Decedent's will to probate was precisely the question Torrens raised in this case. The orphans' court therefore plainly had subject matter jurisdiction over Torrens' Petition to Revoke and her third issue does not entitle her to relief.

Decree affirmed.

---

presumably amended her argument in her brief before this Court following her receipt of the orphans' court's Rule 1925(a) opinion, wherein it found her personal jurisdiction claim waived.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/11/2025